No. 24329.

THE PEOPLE OF THE STATE OF COLORADO *v.*
ROBERT LEE BRISBIN.
(488 P.2d 63)

Decided August 23, 1971.

WADE A. DILLON, District Attorney, Twenty-Second Judicial District, for plaintiff in error.

ROBERT C. DUTHIE, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

REVIEW is sought by the People challenging as error an order of the District Court of Montezuma County,

Colorado, granting defendant Robert Lee Brisbin's motion to waive trial by jury of the issue of insanity without first obtaining the consent of the district atorney as provided by the then applicable statute. 1965 Perm. Supp. C.R.S. 1963, 39-8-3(1). The trial court in trying the issue found the defendant insane and ordered him confined to the State Hospital at Pueblo.

The record before us reflects that the defendant had been charged with first-degree murder, and on arraignment entered pleas of not guilty and not guilty by reason of insanity at the time of the alleged commission of the above crime. The motion to waive a jury trial was first made by the defendant after approximately two-thirds of the voir dire of the initial fourteen jurors had been conducted. The district attorney interposed an objection and the defendant's motion was at that juncture overruled. The motion was renewed, however, following the selection of the jury and prior to its being empanelled or sworn. The court then granted it, holding in part as follows:

"The court has, of course, read the decision of the Supreme Court in *Munsell v. People,* 122 Colo. 420, as well as the decision of the Supreme Court in *People v. Juhan,* 439 P.2d 741.

"The court has, also, read with interest, the case of *The People v. Spegal,* an Illinois case reported in 51 A.L.R.2d 1337 and the annotation following it. The Court has also considered the standards of the American Bar Association — Minimum Standards for Criminal Justice Relating to Trial by Jury. This standard 1.2, mentions the waiver of jury trial in any criminal case. The Court feels that the provisions of section 39-8-3 requiring concert of agreement of the defendant, the Court, and the District Attorney is unconstitutional and the Motion is granted * * * *."

The theory of the defendant was that since he had the right to a trial by jury, he could waive such right alone; and the People, as an adverse party, could

not interfere with his decision in the matter. Therefore, argued the defendant, the procedure outlined in the statute is unconstitutional because it requires the written consent of the district attorney and the agreement of the court in order to waive trial by jury. The People argue, on the other hand, that the legislature has prescribed reasonable procedures to be used in the trial of an insanity issue; consequently, it is argued, that the procedure requiring the consent of the defendant, the district attorney and the court likewise should be upheld. We agree with the position of the People and disapprove the action of the trial court.

Although Crim. P. 23(a) appears to favor the position of the defendant, we point out that this case involves a special statutory proceeding and is within exception of Crim. P. 54(b)(2).

When the trial court ruled in reliance on the standards of criminal justice, it overlooked that the standard does not grant the defendant an absolute right to waive a jury trial. Thus, Colorado is not out of tune with the standards and we have approved other statutes requiring that in a capital case a degree of murder and the penalty shall only be determined by a jury. *Graham v. People*, 134 Colo. 290, 302 P.2d 737 (1956).

In another vein, the issue of whether a defendant may waive a jury trial under any circumstances was before this court previously. *Munsell v. People*, 122 Colo. 420, 222 P.2d 615 (1950). In *Munsell* this court recognized the existence of statutes requiring a jury to fix the punishment in first-degree murder cases, and therefore excluded such crime in holding that the defendant has the right to waive a trial by jury:

"Under our constitutional provisions, we hold that a defendant may waive his right to a trial by jury, and on a plea of not guilty be tried by the court, and, if found guilty, a valid sentence may be pronounced thereon.

"We are cognizant of a statutory provision which requires a jury to impose sentence in first degree murder

cases, and nothing herein should be construed as countenancing the waiver of a jury where the charge is murder of the first degree."

The United States Supreme Court has likewise held that there is no federally recognized right to a criminal trial before a judge sitting alone, but the defendant may in some instances waive his right to a trial by jury. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). *Also, Adams v. United States, ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1943); *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

The People further point out that the federal constitution recognizes an adversary system as the proper method of determining guilt, and the government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before a jury. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *People v. Washington,* 80 Cal. Rptr. 567, 458 P.2d 479 (1969).

In *Patton v. United States, supra,* the United States Supreme Court stressed that the right to waive a jury trial is not absolute, but subject to reasonable limitations: "In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all events. * * * Not only must the right of the accused to a trial by constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. * * *"

In concluding that the provisions of the Colorado and federal constitutions allow the legislature to interpose

reasonable requirements upon the right to waive trial by jury, we are cognizant of those cases cited by the trial court, and the defendant, as well as those discovered by our own research holding to the contrary. *Baader v. State,* 201 Ala. 76, 77 So. 370 (1917); *State v. Worden,* 46 Conn. 349, 33 Am. Rep. 27 (1878); *Taffe v. State,* 90 Ga. 459, 16 S.E. 204 (1892); *People v. Spegal,* 5 Ill.2d 211, 125 N.E.2d 468 (1955); *People v. Martin,* 256 Mich. 33, 239 N.W. 341 (1931); *State v. Smith,* 123 Ohio St. 237, 174 N.E. 768 (1931); *Moore v. State,* 22 Tex. App. 117, 2 S.W. 634 (1886).

We conclude, however, that the better-reasoned authorities from various jurisdictions support the position and views expressed herein and in our previous cases. See also the cases cited and discussed at 51 A.L.R.2d 1347, § 2.

The trial court erred in ruling that the statute requiring the approval of the district attorney and court was unconsitutional and we disapprove the ruling.

MR. JUSTICE HODGES not participating.