## No. 27381

## The People of the State of Colorado v. Richard Alan Linton

(565 P.2d 919)

Decided April 11, 1977.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellee.

*En Banc.*

PER CURIAM

■ The district attorney of El Paso County has prosecuted this appeal to obtain a determination of a matter of law. Section 16-12-102, C.R.S. 1973. He asserts that Crim. P. 23(a)(5) requires tht the consent of the district attorney is *in all instances* a condition precedent to a defendant's election to waive a jury trial. We affirm the trial court.

Richard Alan Linton was charged with felony menacing. Section 18-3-206, C.R.S. 1973. He pled not guilty and, prior to trial, filed an express, written waiver of his right to a jury trial. The district attorney objected to the waiver. Thereafter, the case was tried without a jury. Linton was convicted, and sentence was imposed by the trial court. On appeal, the prosecution asserts that the trial judge erroneously interpreted the Colorado rule and the companion statute. Crim. P. 23(a)(5) provides:

"*Rule 23. Trial by Jury or by the Court*

"*(a) Trial by Jury*

. . . .

"(5) Except as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record, or by his announcement in open court appearing of record if the prosecuting attorney consents. Trial shall then be by the court."[1]

■ A jury trial is a constitutionally-guaranteed right in a criminal case. *U.S. Const.*, Amend. VI; *Colo. Const.*, Art. II, Sec. 23. Moreover, the defendant does not have a constitutional right to waive a jury and be tried by the court. *See Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

■ The consent of the district attorney must be obtained in some instances, but not others, if the plain wording of Crim. P. 23(a)(5) is to be given effect. Since the rule was complied with by the defense in this case, the district attorney's consent was not required.

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.

---

[1]*See also* section 18-1-406(2), C.R.S. 1973.