## No. 79SC321

## Ustacio F. Garcia v. The People of the State of Colorado

(615 P.2d 698)

Decided August 25, 1980.

J. Gregory Walta, State Public Defender, Robert L. Pastore, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Robert C. Lehnert, Assistant

Attorney General, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

This court granted certiorari to review a district court's affirmance of petitioner Garcia's conviction on a misdemeanor charge in county court after a trial by jury. The sole issue is whether the county court erred in denying the petitioner's oral request to waive his constitutional right to a trial by jury. We reverse the district court's judgment affirming the petitioner's conviction.

The stipulated facts are that the petitioner made several oral requests in the county court to have his case tried to the court rather than to a jury. These requests were orally opposed by the district attorney. The county court refused the petitioner's request based upon the prosecutor's objections and set the matter for trial by jury. The petitioner was found guilty and appealed the judgment of conviction to the district court. This judgment was affirmed by the district court, which relied solely upon the language of Crim. P. 23(a)(5):

"Except as to class 1 felonies, the person accused of a felony or a misdemeanor may waive a trial by jury by express written instrument filed of record, or by his announcement in open court appearing of record if the prosecuting attorney consents. Trial shall then be by the court."

The district court on considering the grounds of appeal found that no written waiver was filed by the petitioner in the county court and that, each time an oral request was made by him, the prosecuting attorney opposed the request. Therefore, the district court held that the county court correctly ordered a trial by jury because the requirements of Crim. P. 23(a)(5) had not been met.[1]

At the outset, it should be noted that a defendant's right to waive a trial by jury has been the subject of many comments and cases. *See* 51 A.L.R.2d 1346 (1975) and A.L.R.2d Later Case Service (1978). From this massive amount of legal analysis, it can be fairly stated that this remains a troublesome area of the law. Nevertheless, there are several well-settled legal principles which are helpful in the resolution of the present case.

---

[1] In *People v. Linton*, 193 Colo. 64, 565 P.2d 919 (1977), Crim. P. 23(a)(5) is discussed under circumstances where the defendant had complied with requirements of the rule in waiving his right to a jury trial.

First, under the Constitution of the United States, a criminal defendant has a right to a trial by jury except in petty offense cases (maximum punishment less than six months). *U.S. Const.* amend. VI; *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). This right of a trial by jury has been expanded in Colorado to include petty offenses. *Colo. Const.* Art. II, Sec. 23; section 16-10-109, C.R.S. 1973 (now in 1978 Repl. Vol. 8). However, it has been held that there is no absolute constitutional right of a criminal defendant to waive his right to trial by jury. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *see People v. Brisbin,* 175 Colo. 428, 488 P.2d 63 (1971).

On the other hand, a prosecutor has no constitutional right to either demand or waive a trial by jury[2] (*U.S. Const.* amend. VI and *Colo. Const.* Art. II, Sec. 23, only guarantee the right to a jury trial to an accused).

In Colorado, section 18-1-406(2), C.R.S. 1973 (now in 1978 Repl. Vol. 8), and Crim. P. 23(a)(5) deal with the question of waiver of trial by jury by a criminal defendant. Section 18-1-406(2) provides:
"Except as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record, or by announcement in open court appearing of record."

Crim. P. 23(a)(5) provides an additional requirement not present in the statute, to-wit: the prosecutor's consent must be obtained as a condition before a defendant's oral request to waive his right to a jury trial may be allowed. We conclude that the general assembly purposely excluded the consent of the prosecutor provision in section 18-1-406(2). The statute and the rule are not reconcilable and are in direct conflict with each other. We therefore must determine which governs, and this turns on the question of whether the right to waive a trial by jury is procedural or substantive.

We recognized in *Hardamon v. Municipal Court,* 178 Colo. 271, 497 P.2d 1000 (1972), that the right to a jury trial "is a substantive right granted to all citizens of the state." The correlative right to waive a trial by jury must similarly be substantive in nature. Such reasoning is supported by this court's acknowledgment of the power of "the legislature to interpose reasonable requirements upon the right to waive trial by jury." *People v. Brisbin, supra.* Any condition imposed on the right to waive trial by jury by a defendant is substantive.

We therefore hold that the statute (section 18-1-406(2), C.R.S. 1973 (now in Repl. Vol. 8)) controls over Crim. P. 23(a)(5). The consent of the prosecuting attorney cannot be imposed by rule as a condition on

---

[2] This court, however, has recognized that a prosecutor may have a legitimate interest in seeing that cases are tried to a jury. *People v. Brisbin, supra. See also Singer v. United States, supra.*

the defendant's right to waive trial by jury. Because the petitioner's waiver of his constitutional right to a jury trial was not allowed, his conviction cannot stand and he is entitled to a new trial. *See* section 13-6-310(2), C.R.S. 1973.

The judgment of the district court is reversed and the cause is remanded for a new trial.