The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ceasar CISNEROS, Defendant-Appellant.

No. 83CA0937.

Colorado Court of Appeals, Div. I.

Jan. 30, 1986.

Rehearing Denied March 6, 1986.

Certiorari Denied June 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Ceasar Cisneros, was convicted in a trial to the court of murder in the first degree. He appeals alleging error in the denial of his motion for judgment of acquittal or in the alternative for a new trial. We affirm.

The trial court found that the victim's death was witnessed by five persons; that the death occurred after a brief argument between defendant and the victim; that the defendant shot at the victim from the front, missed, and then fired two more shots at the victim from the back. The second shot struck the victim in the shoulder, and, as he was falling down, the third shot struck him in the head causing his death. Based on these findings the trial court concluded that defendant deliberately, and with specific intent to cause the death of the victim, did cause such death.

On appeal, defendant has filed briefs through the Colorado State Public Defender, as well as pro se.

### I.

Defendant first argues that the evidence presented at trial was incredible as a matter of law, and that there was insufficient evidence of deliberation. We disagree.

Although much of the evidence presented was conflicting, it was legally sufficient

to support a finding of guilt beyond a reasonable doubt. *See People v. Gonzales,* 666 P.2d 123 (Colo.1983). Giving the prosecution the benefit of every reasonable inference which might be fairly drawn from the evidence, the trial court properly denied defendant's motion for a judgment of acquittal. *See People v. Gonzales, supra; People v. Bartowsheski,* 661 P.2d 235 (Colo.1983); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

 "Deliberation" requires reflection and judgment, § 18–3–101(3), C.R.S. (1978 Repl.Vol. 8), but the length of time required for deliberation need not be long. *People v. Bartowsheski, supra.* Considering the circumstances here in the light most favorable to the prosecution, we conclude that defendant's use of a deadly weapon and the evidence of his shooting at the victim three times, twice from behind, are sufficient to support the requisite element of deliberation. *See People v. Bartowsheski, supra.*

## II.

 Defendant next argues that the exclusion of evidence of an alternative suspect's apparent threat to a witness deprived defendant of his right to present evidence in his defense. Again, we disagree.

Defendant's offer of proof indicated that the witness would testify that someone had attempted to influence her to refuse to testify at defendant's trial. This offer of proof fails to show that some other person committed some act directly connecting him with the shooting. *See People v. Mulligan,* 193 Colo. 509, 568 P.2d 449 (1977). As a result, the court properly excluded the proffered testimony.

## III.

 Defendant next contends that the trial court erred in refusing to view the scene. Defendant argues that a viewing would have assisted the court in determining the credibility of an eyewitness as to that witness' testimony regarding identifi-

cation of the defendant from a considerable distance. We perceive no error.

A refusal to view the scene is within the sound discretion of the trial court. *See People v. Favors,* 192 Colo. 136, 556 P.2d 72 (1976).

Here, the trial court gave defendant an opportunity to present a scale diagram or to present actual measurements to show the distance from which one of the eyewitnesses saw the shooting. Defendant chose not to accept that opportunity. Under such circumstances, refusing to view the scene did not constitute an abuse of discretion.

## IV.

 Defendant argues that he was deprived of due process by the admission of testimony by a witness which he claims was coerced by the police and therefore improperly tainted. Defendant's argument would be proper with respect to an illegally obtained or coerced confession made by defendant. *See Stein v. New York,* 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522, (1952). However, we find no authority to support defendant's vicarious objection.

Defendant had ample opportunity and did thoroughly cross-examine and impeach the witness about whom he complains. Thus, defendant successfully brought out the inconsistencies in that witness' recollections. Thereupon, it was within the province of the factfinder to accord appropriate weight to the testimony. *See People v. Moreno,* 181 Colo. 106, 507 P.2d 857 (1973).

## V.

In his pro se brief, defendant contends that he could not properly waive his right to a jury trial because his conviction is a class one felony. Alternatively, he contends the waiver was not intelligent, or that a written waiver was required. He again challenges the propriety of the testimony of one of the witnesses which he claims was coerced by police. We disagree with all of these contentions.

We recognize that certain previous cases have precluded a defendant from waiving a trial by jury where the charge is murder of the first degree; however, those cases were based on then-existing mandatory statutory provisions that required a jury to try all class 1 felonies and to determine the resultant penalty. Section 40-1-304, C.R.S. 1963 (1971 Cum.Supp.); *see People v. Brisbin,* 175 Colo. 428, 488 P.2d 63 (1971); *Graham v. People,* 134 Colo. 290, 302 P.2d 737 (1956). Those mandatory statutory provisions were repealed in 1972. Under the present statutory scheme, there are no mandatory requirements for the jury to determine the degree of the murder nor to determine the class of felony. Section 18-3-101, et seq., and § 18-1-101, et seq., C.R.S. (1978 Repl.Vol. 8).

Significantly, the statute which now governs the imposition of sentence in class 1 felonies implies that a trial by jury may be waived; it states that "[i]f a trial jury was waived ... the [death penalty] hearing shall be conducted before the trial judge." Section 16-11-103(1)(a), C.R.S. (1985 Cum. Supp.).

Although there is no absolute constitutional right of a criminal defendant to waive his right to trial by jury, we adopt the view expressed in *Garcia v. People,* 200 Colo. 413, 615 P.2d 698 (1980). There, based on the constitutional right to a trial by jury, the court reasoned that there is a "correlative right to waive a trial by jury."

The court in *Garcia* did not limit the right to waive to felonies other than class 1 felonies. Accordingly, we rule that the right to waive a jury trial applies to all criminal cases.

In support of his argument, defendant points to § 18-1-406(2), C.R.S. (1978 Repl.Vol. 8), which fails to provide for a procedure for waiving a jury trial in class 1 felonies. In view of our conclusion that a criminal defendant has a substantive right to waive a jury trial and in view of the legislative changes leading up to § 16-11-103, C.R.S. (1985 Cum.Supp.), we do not interpret § 18-1-406(2), as prohibiting that

right. Such a prohibition does not fall within the ambit of the General Assembly's power to impose *reasonable requirements* upon the right to waive a trial by jury. *Cf. People v. Brisbin, supra.* Furthermore, to the extent that § 18-1-406(2) is irreconcilable with § 16-11-103(1)(a), the latter, having the latest effective date, prevails. Section 2-4-208, C.R.S. (1980 Repl.Vol. 1B).

Defendant's remaining contentions of error merit no discussion as they are either not supported by the record or did not affect defendant's substantial rights. *See* Crim.P. 52(a).

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.