The PEOPLE of the State of Colorado, ex rel. Barney IUPPA, District Attorney, Petitioner,

v.

The DISTRICT COURT OF EL PASO COUNTY, Colorado, and the Honorable Steven T. Pelican, one of the Judges thereof, in re: People v. Kenneth Murriel, 85CR1540, Respondents.

No. 86SA149.

Supreme Court of Colorado, En Banc.

Jan. 20, 1987.

Barney Iuppa, Dist. Atty., Robert M. Brown, Chief Deputy Dist. Atty., Criminal Div., Colorado Springs, for petitioner.

David F. Vela, Colorado State Public Defender, Paul R. Bratfisch, Deputy State Public Defender, Colorado Springs, for respondents.

DUBOFSKY, Justice.

In this original proceeding the People challenge a decision of the El Paso County District Court to permit a defendant in a prosecution for second degree murder to waive a jury trial on the issue of sanity without the consent of the district attorney. We issued an order to show cause to the respondent district court and now make the rule absolute.

On August 13, 1985, an indictment was filed in the El Paso County District Court charging the defendant, Kenneth Murriel, with second degree murder, a class 2 felony. The defendant subsequently entered a

plea of not guilty by reason of insanity. In accordance with section 16–8–105(2), 8A C.R.S. (1986), the district court scheduled a jury trial on the sanity issue for April 28, 1986. On April 11, 1986, the defendant filed a motion to waive the jury in the sanity trial. The prosecution advised the court that it did not consent to the waiver, pointing out that under section 16–8–105(2) waivers of juries in sanity trials in cases involving class 1, class 2, or class 3 felonies are conditioned on the consent of the court and the district attorney. On April 18, 1986, the defendant, in open court, again indicated his desire to waive the jury. The district court, over the objection of the prosecution, accepted the waiver on the basis of *People v. Cisneros*, 720 P.2d 982 (Colo.App.1986), *cert. denied* June 9, 1986, which contains language stating that the right to waive a jury trial applies to all criminal cases.

Section 16–8–105, 8A C.R.S. (1986), establishes the procedure to be followed in cases where a defendant enters a plea of not guilty by reason of insanity. Subsection (1) provides for the commitment of the defendant for purposes of a sanity examination. Subsection (2), the portion of the statute challenged here, provides that

> [u]pon receiving the report of the sanity examination, the court shall immediately set the case for trial to a jury on the issue raised by the plea of not guilty by reason of insanity. In all cases except class 1, class 2, and class 3 felonies, the defendant may waive jury trial by an express written instrument or announcement in open court appearing of record. *If the court and the district attorney consent,* jury trial may be waived in a class 1, class 2, or class 3 felony case. (Emphasis added.)

In *People v. Brisbin*, 175 Colo. 428, 488 P.2d 63 (1971), we upheld the requirement of prosecutorial consent to waiver of a jury in a sanity trial incorporated in the predecessor to section 16–8–105. The defendant argues that subsequent developments in legislation and case law have undercut the authority of *Brisbin*.

First, the defendant maintains that section 16–8–105(2) is in conflict with section 18–1–406(2), 8B C.R.S. (1986), which was enacted after the decision in *Brisbin* and which states that except in cases involving class 1 felonies, "the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record or by announcement in open court appearing of record." Under the rules of statutory construction, however, a specific statute is to be given effect over a subsequently enacted general statute in the absence of a clear indication of legislative intent to repeal the earlier provision. *Uberoi v. University of Colorado*, 686 P.2d 785 (Colo.1984); *People v. District Court*, 196 Colo. 249, 585 P.2d 913 (1978); *People v. Burke*, 185 Colo. 19, 521 P.2d 783 (1974). Because section 18–1–406(2) does not refer to consent to waiver, the consent requirement in section 16–8–105(2) applies to the trial on the issue of the defendant's sanity.

Second, the defendant asserts on the basis of this court's decision in *Garcia v. People*, 200 Colo. 413, 615 P.2d 698 (1980), and the opinion of the court of appeals in *People v. Cisneros*, 720 P.2d 982, that he has a right to waive a jury trial despite the consent requirement of section 16–8–105(2). In *Garcia v. People*, we decided that the right of a defendant to waive a jury trial established by section 18–1–406(2) was a substantive right that took precedence over the conflicting provision of Crim.P. 23(a)(5) that "[e]xcept as to class 1 felonies, the person accused of a felony or a misdemeanor may waive a trial by jury ... if the prosecuting attorney consents." In *People v. Cisneros*, the court of appeals relied on *Garcia v. People* and on the language of section 16–11–103(1)(a), 8A C.R.S. (1986),[1] in holding that "the right to waive a jury trial applies to all criminal cases" and that section 18–1–406(2) should not be interpreted as prohibiting the exercise of such a

---

**1.** Section 16–11–103(1)(a) provides in part: "If a trial jury was waived [in a class 1 felony case] ... the [sentencing] hearing shall be conducted before the trial judge."

waiver in class 1 felony cases. The court held that prohibiting waiver in class 1 felony cases would not be "within the ambit of the general assembly's power to impose *reasonable requirements* upon the right to waive a trial by jury." (Emphasis in original.) *People v. Cisneros,* 720 P.2d at 985.

Assuming that *People v. Cisneros* was decided correctly, a point that we need not address, the case does not support the defendant's position. Despite the court of appeals' broad language in *Cisneros* that the right to waive a jury trial applies to all criminal cases, the only issue resolved in that case was whether a waiver should be permitted in class 1 felony cases in general. The court did not address the question of waiver of a jury in sanity trials, which are governed by separate, specific statutory provisions. More importantly, the court of appeals in *Cisneros* did not suggest that the right to waive a trial by jury cannot be conditioned upon the consent of the court, the prosecution, or both.

■ In discussing the requirement that restrictions on waivers of jury trials be reasonable, the *Cisneros* court cited *People v. Brisbin* in which, as already noted, we sustained the restriction at issue here. In *Garcia v. People,* the foundation of the court of appeals' opinion in *Cisneros,* we stated that "there is no absolute constitutional right of a criminal defendant to waive his right to a trial by jury," 615 P.2d at 699, and adverted to the power of the legislature recognized in *People v. Brisbin* to impose reasonable conditions upon such waivers. *See also Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965) (no federal constitutional impediment to conditioning waiver of jury trial in criminal cases on consent of court and prosecution). We note also that Standard 15–1.2(a) of the American Bar Association Standards for Criminal Justice recommends that waivers of jury trials be conditioned on the consent of the prosecution. While acknowledging the force of reasons supporting a different position, the commentary to the standard states "it is felt that the arguments for requiring consent of the prosecu-

tor outweigh those for giving a defendant an unqualified right of waiver." Among the reasons noted in the commentary for requiring prosecutorial consent to a waiver are to facilitate equal treatment of the prosecution and the defense, to protect the public, to protect the accused, and to preserve the role of the jury. In view of *Singer, Garcia, Brisbin,* and the American Bar Association standard, conditioning a waiver of a jury trial on the consent of the prosecution, the court, or both, is reasonable, and the legislature has the power to impose such conditions.

■ The defendant does not challenge directly the legislature's power to require the consent of the court and the prosecution before a waiver of a jury trial will be permitted in a sanity trial. Rather, he notes that under section 16–8–105(2) defendants in class 4 and class 5 felony sanity trials may waive jury trials at will, while in cases involving class 1, class 2 and class 3 felonies the consent of the court and the prosecution must be obtained. He argues that the consent requirement is invalid because the statutory distinction between classes of felonies is not supported by specific reasons. Because there is no constitutional barrier to imposing a consent requirement in all phases of all criminal trials, we see no reason why the legislature is without the power to impose such requirements in a narrower class of cases. The reasons alluded to in the commentary to Standard 15–1.2(a) of the American Bar Association Standards for Criminal Justice apply to the sanity trial phase of class 1, class 2, and class 3 felonies. The decision whether the public interest in a trial by jury outweighs the defendant's interest in choosing the type of trial in any given type of case or phase of a case involves public policy and is a decision for the legislature. The distinction drawn by section 16–8–105(2) has a rational foundation, and there is no basis for disturbing the exercise of legislative judgment represented by the statutory scheme.

The judgment of the district court is reversed, and the case is remanded. for further proceedings.