The PEOPLE of the State of Colorado, Petitioner,

v.

The DISTRICT COURT OF COLORADO'S SEVENTEENTH JUDICIAL DISTRICT and One of its Judges, the Honorable Harlan R. Bockman, Respondents.

No. 92SA168.

Supreme Court of Colorado, En Banc.

Oct. 13, 1992.

David A. Ogilvie, P.C., David A. Ogilvie, Denver, for defendant David Eugene Bath.

Dennis S. Brinn, Denver, for defendant Jeffrey W. Giardina.

Justice VOLLACK delivered the Opinion of the Court.

At the request of the People of the State of Colorado (the People), this court issued a rule to show cause why this court should not issue a Writ of Mandamus requiring respondent district court to empanel a jury in *People v. Bath*, No. 91CR1660, and in *People v. Giardina*, No. 91CR1658. The People assert that the defendants must first obtain the People's consent before waiving their right to trial by jury pursuant to section 16–10–101, 8A C.R.S. (1992 Supp.). The People also assert that section 16–10–101 is constitutional. We conclude that the prosecution cannot compel trial by jury where an accused's constitutional right to a fair trial as guaranteed by due process of law would be violated.

## I.

The defendants are each charged with two counts of sexual exploitation of a child,[1] a class 3 felony, and with conspiracy to commit that crime,[2] a class 5 felony. The defendants entered pleas of not guilty and sought to waive their rights to trial by jury pursuant to section 18–1–406(2), 8B C.R.S. (1986), and have their cases tried to the court.[3] Section 18–1–406(2) provides:

---

1. § 18–6–403, 8B C.R.S. (1986).

2. § 18–2–201, 8B C.R.S. (1986).

3. On March 19, 1992, defendant Bath filed a written waiver with the district court. The district court later questioned defendant Bath during the March 27, 1992, hearing, and established on the record that defendant Bath's waiver was "knowingly, voluntarily, and intelligently" made after discussion with counsel.

Counsel for defendant Giardina did not appear at that hearing, and the record does not reveal whether the district court then made a finding as to defendant Giardina's waiver of trial by jury. The record before this court, however, includes in Exhibit "G" a form document signed by defendant Giardina that attempts to waive trial by jury. The form, however, is not completed. The deputy district attorney submitted an affidavit stating that the district court incorporated the rulings in *People v.*

Except as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record or by announcement in open court appearing of record.

On March 27, 1992, the district court held a motions hearing wherein the People refused to consent to the defendants' waiver and argued that their refusal mandated trial by jury pursuant to section 16–10–101, 8A C.R.S. (1992 Supp.). Section 16–10–101 provides:

The right of a person who is accused of an offense other than a noncriminal traffic infraction or offense, or other than a municipal charter or ordinance violation as provided in section 16–10–109(1), to have a trial by jury is inviolate and a matter of substantive due process of law as distinguished from one of "practice and procedure". *The people shall also have the right to refuse to consent to a waiver of a trial by jury in all cases in which the accused has the right to request a trial by jury.*

(Emphasis added.) The defendants argued that they had a constitutional right to trial by jury, and a substantive right to waive a jury trial. The defendants also contended that section 16–10–101 was unconstitutional.

The district court concluded that section 16–10–101, by requiring the People's consent as a prerequisite to waiver of trial by jury, was unconstitutional. The district court found that the People had no right to a jury trial; rather, the defendants "ha[d] the right to refuse a trial before a jury of [their] peers" in order to protect themselves "against the possibility of the tyranny by the populace." Thus the district court gave effect to the defendants' waiver.

The People filed a motion for reconsideration and rehearing of the March 27 ruling. On April 8, 1992, the district court ruled that *People v. Davis*, 794 P.2d 159 (Colo. 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 662, 112 L.Ed.2d 656 (1991), by reaffirming *Munsell v. People*, 122 Colo. 420, 222 P.2d

*Bath* and applied them in *People v. Giardina.*

615 (1950), established that "the right to a jury or to a non-jury trial in Colorado is a right that the defendant has and the defendant only." The district court concluded that this principle permits the legislature to restrict the right to waive trial by jury only in the very "limited situation" of a class 1 felony. The district court denied the People's motion for reconsideration.

The People now seek a determination that section 16–10–101 is constitutional, and an order directing the district court to empanel a jury in *People v. Bath* and in *People v. Giardina.* We are thus required to analyze the constitutionality of the prosecution consent requirement imposed by section 16–10–101 on an accused's right to waive trial by jury. In order to evaluate the constitutionality of section 16–10–101, we must identify the source of the right to waive trial by jury, and examine the scope and consequences of the restriction imposed by section 16–10–101 on that right.

## II.

### Waiver of Trial by Jury

We have not consistently defined the source of the right to waive trial by jury. *See Davis,* 794 P.2d 159 (reviewing case law generally). In some contexts we have recognized a common law right, and in other contexts we have recognized a statutory right. We have not squarely addressed the question of whether the Colorado Constitution affords defendants a right to waive trial by jury. We conclude that it does not.

We have never expressly recognized a constitutional right to waive trial by jury. We have discussed the nature of the right in the context of its constitutional counterpart, the right to trial by jury found in section 23 of article II of the Colorado Constitution. *See Garcia v. People,* 200 Colo. 413, 615 P.2d 698 (1980); *Munsell v. People,* 122 Colo. 420, 222 P.2d 615 (1950); *People v. Cisneros,* 720 P.2d 982 (Colo. App.), *cert. denied,* 479 U.S. 887, 107 S.Ct. 282, 93 L.Ed.2d 257 (1986). We have stat-

Our opinion thus concerns both defendants.

ed, for example, that "[u]nder our constitutional provisions, we hold that a defendant may waive his right to a trial by jury, and on a plea of not guilty be tried by the court." *Munsell*, 122 Colo. at 430, 222 P.2d at 620.

We have subsequently recognized "that the right to a jury trial 'is a substantive right granted to all citizens of the state.' *The correlative right to waive a trial by jury must similarly be substantive in nature."* *Garcia*, 200 Colo. at 415, 615 P.2d at 699–700 (quoting *Hardamon v. Municipal Court*, 178 Colo. 271, 497 P.2d 1000 (1972)) (emphasis added). This language was followed in *Cisneros* wherein the court of appeals ruled that defendants have a substantive right to waive jury trials in all criminal cases. *Cisneros*, 720 P.2d at 985.

Most recently, however, we have disapproved of this line of reasoning in determining whether defendants charged with class 1 felonies may waive trial by jury. *Davis*, 794 P.2d at 210–11 (recognizing a common law right to waive trial by jury in class 1 felony cases). In *Davis*, we did not recognize a constitutional right to waiver, and concluded that *Munsell* did not recognize a right to waiver of trial by jury guaranteed by the Colorado Constitution. *Davis*, 794 P.2d at 211.[4] We observed that *Munsell* "merely stands for the proposition that there is nothing inconsistent in our constitution with the waiver of a trial by jury." *Id.*

We have consistently affirmed the proposition that there is no *absolute* constitutional right to waiver of trial by jury. *People ex rel. Iuppa v. District Court*, 731 P.2d 720, 722 (Colo.1987); *Garcia*, 200 Colo. at 415, 615 P.2d at 699; *People v. Brisbin*, 175 Colo. 428, 430–32, 488 P.2d 63, 65 (1971); *see Cisneros*, 720 P.2d at 985. The United States Supreme Court has held that there is no right to waiver of trial by jury under the United States Constitution. *Singer v. United States*, 380 U.S. 24, 34, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1964). We

thus conclude that the Colorado Constitution does not afford defendants a constitutional right to waive trial by jury.

Our conclusion is consistent with our analysis in *Davis* wherein we noted that the defendant had a common law right to waive trial by jury in the absence of a relevant statute. *Davis*, 794 P.2d at 211–12. The defendant was expressly excluded from the scope of section 18–1–406(2) because the defendant was charged with a class 1 felony. *Id.* at 211. Thus there was no relevant statute creating a right to waive trial by jury in favor of the defendant.

The present case differs from that in *Davis*, however, because a relevant statute, section 18–1–406(2), applies and purports to give the defendant "an unqualified right to waive a trial by jury." *See id.* (interpreting this court's decision in *Garcia*). Section 16–10–101, however, expressly restricts the availability of waiver under section 18–1–406(2) to those instances in which the prosecution consents. We must examine the scope and consequences of the statutory restriction in order to ascertain its constitutionality.

### III.

### Prosecution Consent Requirement

When evaluating limitations on the right to waive trial by jury, we have recognized that the General Assembly "may only interpose reasonable restrictions on the right to waive trial by jury." *Davis*, 794 P.2d at 211 (citing *People v. Brisbin*, 175 Colo. 428, 488 P.2d 63 (1971)). In limited situations, we have recognized as reasonable a prosecution consent requirement. For example, in *Davis* we upheld a prosecution consent requirement where the common law was the source of the defendant's right to waive trial by jury in a class 1 felony case. We noted that there was no statute purporting to define the scope of the right to waive trial by jury in a capital case. *Davis*, 794 P.2d at 211.

---

4. We also concluded that the court of appeals was incorrect in ruling that a defendant could waive trial by jury in a class 1 felony case, in direct contravention of a legislative prohibition.

*People v. Davis*, 794 P.2d 159, 211 (Colo.1990). We note that the offenses underlying the present case are class 3 and class 5 felonies.

We have upheld prosecution consent requirements in the context of trials on the issue of sanity. *People ex rel. Iuppa v. District Court,* 731 P.2d 720, 722 (Colo. 1987) (defendant was charged with second degree murder); *Brisbin,* 175 Colo. at 429, 488 P.2d at 64 (defendant was charged with first degree murder). In *Iuppa,* the defendant contested a statutory scheme requiring *both the court and the prosecution* to consent to waiver of trial by jury in class 1, 2, and 3 sanity trials. *Iuppa,* 731 P.2d at 722. The statutory scheme did not require consent of either the court or the prosecution in class 4 and 5 sanity trials. *Id.* The statutory scheme did not involve a determination of the defendant's guilt or innocence. We concluded that the statutory scheme governing sanity trials had a rational foundation. *Id.*

■ None of our decisions recognizing the consent requirement as reasonable, however, has required us to jointly evaluate sections 18–1–406(2) and 16–10–101. When considered together, we find that the due process guarantee of section 25 of article II of the Colorado Constitution compels the conclusion that the prosecution alone cannot compel trial by jury where an accused may not receive a fair jury trial.

Section 18–1–406(2) purports to give defendants an unqualified right to waive trial by jury. *Davis,* 794 P.2d at 211. Section 16–10–101, however, nullifies section 18–1–406(2) by giving the prosecution an absolute right to trial by jury. We again note that section 16–10–101 provides:

> The right of a person who is accused of an offense ... to have a trial by jury is inviolate and a matter of substantive due process of law as distinguished from one of "practice and procedure". The people shall also have the right to refuse to consent to a waiver of a trial by jury in all cases in which the accused has the right to request a trial by jury.

The first sentence recognizes a substantive right of the accused to trial by jury. The language is derived from section 23 of article II of the Colorado Constitution.[5] We have stated that "[t]his right contemplates a fair and impartial jury to hear the case." *Oaks v. People,* 150 Colo. 64, 68, 371 P.2d 443, 446 (1962). This is also the mandate of section 16 of article II of the Colorado Constitution.[6]

■ The second sentence, however, attempts to create a right to jury trial in the prosecution *in all cases where an accused is entitled to a jury trial but elects trial before the court.* We find no constitutional guarantee buttressing such a right in favor of the prosecution. We have stated that "a prosecutor has no constitutional right to either demand or waive a trial by jury." *Garcia v. People,* 200 Colo. 413, 415, 615 P.2d 698, 699 (1980). We have further noted that the United States Constitution and the Colorado Constitution "only guarantee the right to a jury trial to an accused." *Id.* The second sentence, however, is tempered by the first; we must thus measure the prosecution consent requirement against substantive due process. *Adams County Sch. Dist. No. 50 v. Dickey,* 791 P.2d 688 (Colo.1990) (statutes must be construed as a whole to give consistent, harmonious, and sensible effect to all of their parts).

Section 25 of article-II of the Colorado Constitution provides that "[n]o person shall be deprived of life, liberty or property, without due process of law." We have observed that "[f]irmly embedded in both federal and state due process is the fair trial concept in criminal cases. Antithetical to constitutional due process is the subjection of an accused to an unfair trial." *Oaks,* 150 Colo. at 70, 371 P.2d at 447. We have accordingly provided for change of venue in criminal cases to ensure that an accused's due process right to a fair adjudication of guilt or innocence is protected.

---

5. Section 23 of article II of the Colorado Constitution provides in pertinent part that "[t]he right of trial by jury shall remain inviolate in criminal cases."

6. Section 16 of article II of the Colorado Constitution provides in pertinent part that "[i]n criminal prosecutions the accused shall have the right to ... a speedy public trial by an impartial jury."

*People v. Bartowsheski*, 661 P.2d 235, 240 (Colo.1983).

 Directed by our interpretation of section 25, article II, we cannot uphold the unqualified prosecution consent requirement where an accused may be subjected to an unfair proceeding before a biased jury.[7] In such cases, the accused's right to a fair trial as guaranteed by due process would be violated. While we have previously deferred to the General Assembly with respect to the waiver of trial by jury, *Davis*, 794 P.2d at 211, due process takes precedence over legislation. *White v. Davis*, 163 Colo. 122, 125, 428 P.2d 909, 911 (1967). Thus, where the prosecution objects to defendant's waiver of trial by jury,[8] and a defendant contends that trial by jury would result in a due process violation, the decision as to waiver then rests with the trial court.[9] It is incumbent upon a defendant, in seeking waiver, to raise due process concerns in the trial court. The trial court must subsequently determine whether a jury trial would be fair and impartial in accord with the accused's right to due process of law.[10] *Stapleton v. District Court*, 179 Colo. 187, 193, 499 P.2d 310, 312 (1972) ("[T]he trial judge ..., by the nature of our judicial process, is in the best position to assure that a defendant's right to a fair trial ... will be substantially protected."). The trial court may consider the extent to which a change in venue may cure biases or prejudices against the accused.[11]

 In the present case, the defendant did not clearly articulate due process con-

7. We find that § 16-10-101 is facially constitutional, but may, as applied, violate an accused's right to due process of law as guaranteed by the Colorado Constitution.

We are cognizant of the *Singer* Court's observation that there may be "some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to defendant of an impartial trial." *Singer v. United States*, 380 U.S. 24, 37, 85 S.Ct. 783, 791, 13 L.Ed.2d 630 (1965). The *Singer* Court did not, however, determine whether compelling circumstances were present in that case because the defendant only argued that trial by judge alone would save time. *Id.* at 37-38, 85 S.Ct. at 791.

8. We note that the General Assembly may place limitations on a defendant's right to waive trial by jury. *See Davis*, 794 P.2d at 212.

9. In so holding, we acknowledge that restrictions placed on an accused's right to waive trial by jury differ across jurisdictions. Some jurisdictions require prosecution consent as the only prerequisite to waiver. *Williams v. State*, 573 So.2d 875 (Fla.Dist.Ct.App.1990); *State v. Mahurin*, 799 S.W.2d 840 (Mo.1990); *City of Fargo v. Dawson*, 466 N.W.2d 584 (N.D.1991); *State v. McDonald*, 681 S.W.2d 65 (Tex.Crim.App.1984); *State v. Robbins*, 709 P.2d 771 (Utah 1985). Other jurisdictions require prosecution consent *and* trial court approval prior to an accused's waiver of trial by jury. *People v. Dobben*, 187 Mich.App. 462, 468 N.W.2d 527 (1991); *Riley v. State*, 107 Nev. 205, 808 P.2d 551 (1991); *Johnson v. State*, 806 P.2d 1282 (Wyo.1991).

Some jurisdictions have vested discretion in the trial court with respect to determining whether waiver of trial by jury is appropriate. *Ellis v. State*, 570 So.2d 744 (Ala.Crim.App.1990) (trial court rejected waiver where insufficient reasons were presented); *State v. Davis*, 485 So.2d 981 (La.Ct.App.1986) (finding no constitutional right to trial before the court except where a fair jury is unlikely or impossible); *People v. Ahalt*, 170 A.D.2d 982, 566 N.Y.S.2d 804 (1991) (trial court found waiver impermissible where it was used for improper procedural advantage); *Commonwealth v. Sorrell*, 500 Pa. 355, 456 A.2d 1326 (1982) (holding that prosecution consent requirement was unconstitutional and that determination was properly made by the trial court after considering all the relevant factors).

At least two jurisdictions have recognized an absolute or constitutional right in favor of the accused to waive trial by jury. *People v. Joyce*, 126 Ill.2d 209, 127 Ill.Dec. 791, 533 N.E.2d 873 (1988) (recognizing constitutional right of the accused to waive trial by jury and holding prosecution consent requirement unconstitutional); *State v. Siemer*, 454 N.W.2d 857 (Iowa 1990) (prosecution consent only required when waiver is sought within ten days of trial).

10. The record before this court does not reveal what specific due process arguments, if any, were raised by the defendants in the trial court. We emphasize that a trial court may only evaluate whether an accused's due process rights are violated *after* the accused makes a showing that an inability to waive trial by jury infringes on the defendant's due process rights.

11. Our holding clearly does not contemplate that defendants' rights to a fair trial may only be protected by securing waiver of trial by jury. Rather, we emphasize the role of the trial court in fashioning appropriate remedies to due process concerns which may first take form by change in venue.

cerns that would preclude a fair and impartial trial by jury such that a change in venue would be ineffective as a remedy. We make the rule absolute.

ERICKSON, J., specially concurs, and LOHR, J., joins in the special concurrence.

Justice ERICKSON specially concurring:

We issued a rule to show cause in this original proceeding to determine whether the district court erred in finding section 16–10–101, 8A C.R.S. (1992 Supp.), to be unconstitutional. The question is whether defendants seeking to waive their rights to a jury trial under section 18–1–406(2), 8B C.R.S. (1986), must obtain the consent of the prosecution in accordance with section 16–10–101.

I agree with the majority that section 16–10–101 is facially constitutional. Maj. op. at 11 n. 7. I write separately to set forth the reasons for my conclusion and because I do not believe that the record before us requires an examination of whether section 16–10–101, as applied, violates the due process clause of article II, section 25 of the Colorado Constitution.

### I

Section 16–10–101 provides:

**Jury trials—statement of policy.** The right of a person who is accused of an offense other than a noncriminal traffic infraction or offense, or other than a municipal charter or ordinance violation as provided in section 16–10–109(1), to have a trial by jury is inviolate and a matter of substantive due process of law as distinguished from one of "practice and procedure". *The people shall also have the right to refuse to consent to a waiver of a trial by jury in all cases in which the accused has the right to request a trial by jury.*

(Emphasis added.) In my view, the General Assembly's 1989 amendment to section 16–10–101 adding the second sentence is facially constitutional.

As the majority notes, we have recognized that the General Assembly may interpose "reasonable requirements" upon the right to waive a jury trial.[1] Previously, however, we have shown "a broad deference to the legislature with respect to the waiver of the right to trial by jury." *People v. Davis,* 794 P.2d 159, 211 (Colo.1990).[2]

The prosecution consent requirement in section 16–10–101 is within the province of the General Assembly to provide conditions for the common-law right to waive a jury trial. In promulgating the rules of criminal procedure, we provided for prosecutorial consent to waiver of jury trial. Crim.P. 23(a)(5) states:

Except as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record, or by

---

1. Our earlier cases have stated that the power of the General Assembly to restrict a defendant's right to waive a jury trial is constrained by the requirement of reasonableness, without explaining the source of this constraint. *People v. Brisbin,* 175 Colo. 428, 431–32, 488 P.2d 63, 65 (1971); *see People ex rel. Iuppa v. District Court,* 731 P.2d 720, 722 (Colo.1987). In *People v. Davis,* 794 P.2d 159, 209–12 (Colo.1990), we reviewed our prior cases and concluded that a defendant's right to waive a jury trial is a common-law right and, as such, may be denied by legislative action. *Id.* at 211. Accordingly, a defendant's common-law right to waive a jury trial may be conditioned or abrogated by the General Assembly so long as the legislative action, facially or as applied, does not violate a defendant's rights to due process of law or some other constitutionally based protection.

In light of *Davis,* our prior indications that legislative restrictions on a defendant's right to jury trial must be reasonable should be understood to mean no more than that. Absent such constitutional constraints, "reasonableness" is a matter for legislative determination. *See, e.g., Davis,* 794 P.2d at 211 (upholding a prosecution consent requirement where the common law provided the defendant's right to waive trial by jury in a class 1 felony case); *Iuppa,* 731 P.2d at 722 (upholding the provision of section 16–8–105(2) requiring the consent of the prosecutor to waive a jury trial in cases where a defendant enters a plea of not guilty by reason of insanity); *Brisbin,* 175 Colo. at 432, 488 P.2d at 65 (upholding statute requiring prosecutorial consent as a condition of waiver of jury trial on question of sanity).

2. The rationale that underlies the broad judicial deference in this area is my conclusion that the defendant's right of waiver is exclusively a statutory right defined by the General Assembly.

his announcement in open court appearing of record if the prosecuting attorney consents. Trial shall then be by the court.[3]

In *Garcia v. People,* 200 Colo. 413, 415, 615 P.2d 698, 700 (1980), we held that section 18–1–406(2)[4] controlled over the prosecution consent requirement of Crim.P. 23(a)(5). We stated that the statute and the rule were in direct conflict and concluded that the General Assembly purposely excluded the prosecution consent provision in section 18–1–406(2).

When we promulgated Crim.P. 23(a)(5) and decided *Garcia,* we provided the General Assembly with the opportunity to define the limitation on a defendant's right to waive a jury trial. In 1989, the General Assembly amended section 16–10–101 to require consent by the prosecution when a defendant waived a jury trial. The amendment was within the province of the General Assembly and placed a limitation on the right set forth in section 18–1–406(2) to waive a jury trial. The purposeful inclusion of the prosecution consent requirement in section 16–10–101 represents the General Assembly's resolution of the issue.[5]

We also recognized in *Garcia* that a prosecutor may have a legitimate interest in seeing that cases are tried to a jury. *Garcia,* 200 Colo. at 415 n. 2, 615 P.2d at 700 n. 2. Section 16–10–101 serves to protect the public by allowing the prosecution to object to a waiver of a jury when the prosecution is concerned about a particular judge's practice in a criminal case that would be against the prosecution's interest.

A defendant may elect to waive a jury because of adverse publicity or a fear of public reaction to the crime charged. A prosecution consent requirement serves as a counterbalance that allows the prosecution to try cases to the tribunal that is most likely to produce a fair result. *United States v. Singer,* 380 U.S. 24, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 (1965) (noting that the Government had a legitimate interest in trying cases in which it believes a conviction is warranted before the tribunal most likely to produce a fair result). Section 16–10–101 ensures that a prosecutor can try cases to a jury, which serves as a neutral and detached panel to resolve the factual issues.[6]

Standard 15–1.2(a) of the American Bar Association Standards for Criminal Justice recommends that waiver of jury trials be conditioned on the consent of the prosecution. The ABA standard acknowledges the arguments supporting different positions but concludes that the arguments for requiring consent of the prosecutor outweigh those for giving the defendant an unqualified right of waiver. Among the reasons noted in the commentary for requiring prosecutorial consent to a waiver are to facilitate equal treatment of the prosecution and the defense, to protect the public, and to preserve the role of the jury.

In my view, the prosecution consent requirement included by the General Assembly in section 16–10–101 is within the province of the General Assembly. The respondent has failed to establish that section 16–10–101 is unconstitutional. *People v. Fuller,* 791 P.2d 702, 705 (Colo.1990) (noting

---

3. Fed.R.Crim.P. 23(a) provided the basis for Crim.P. 23(a)(5) and has been in effect since 1946 without change. Fed.R.Crim.P. 23(a) states, "[c]ases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

4. Section 18–1–406(2) provides, "[e]xcept as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record or by announcement in open court appearing of record."

5. To the extent that the two statutes are irreconcilable, section 16–10–101 prevails over section

18–1–406(2) because it has the later effective date. *See* § 2–4–206, 1B C.R.S. (1980).

6. Neither this court nor the United States Supreme Court requires the unconditional right to waive a jury trial. *See Singer,* 380 U.S. at 36, 85 S.Ct. at 790 (holding no federal constitutional impediment to conditioning waiver of jury trial on consent of court and prosecution); *People ex rel. Iuppa v. District Court,* 731 P.2d 720, 722 (Colo.1987) (holding that the General Assembly had the power to impose a condition on the waiver of a jury trial and to require the consent of the prosecution, the court, or both).

that a statute is presumed to be constitutional and that a person challenging the statute has the burden of proving that the statute is unconstitutional beyond a reasonable doubt). There is no basis for disturbing the exercise of legislative judgment represented by the statutory scheme.

## II

Our rule to show cause and the limited evidentiary record that is before us do not require us to address the issue of whether due process considerations override section 16–10–101 in this case.[7] The respondent did not argue before the district court that section 16–10–101 was unconstitutional as applied. Nor did the district court rely on article II, section 25 in finding section 16–10–101 to be unconstitutional.[8]

The prosecution's petition for mandamus sought a rule to show cause why this court should not find and declare section 16–10–101 to be constitutional and enforceable. We issued the rule to show cause on the limited grounds requested by the prosecution. We did not ask the parties whether section 16–10–101 was unconstitutionally applied based on due process considerations nor did the respondent so argue in this court or in the trial court.[9]

We do not address issues presented for the first time in an original proceeding. *Panos Inv. Co. v. District Court*, 662 P.2d 180, 182 (Colo.1983); *see also City of Colorado Springs v. District Court*, 184 Colo. 177, 180, 519 P.2d 325, 326 (1974) (holding that the scope of inquiry under C.A.R. 21(a) "is limited to examining the jurisdictional grounds upon which the district court acted to determine whether or not the district court exceeded its jurisdiction").

The question of the constitutionality of section 16–10–101, as applied, is not before us because this issue was not argued before the district court, relied upon by the district court, or argued in this court. I would leave the issue for another day and a case that presents the issue.

## III

In my view, the only question before us is whether the district court erred in finding section 16–10–101 to be unconstitutional. I agree with the majority's resolution of that issue, and would not address the relationship of the respondent's due process rights to section 16–10–101. Accordingly, I would make the rule absolute, and would leave the interpretation of the relationship between due process considerations and section 16–10–101 for a case that requires its application.

Justice LOHR joins in this special concurrence.

7. As the majority notes, "[t]he record before this court does not reveal what specific due process arguments, if any, were raised by the defendants in the trial court." Maj. op. at 11 n. 10. To be sure, a defendant has a due process right to a fair trial, and it may be in some cases that a jury trial would infringe that right, with the result that section 16–10–101 would be unconstitutional as applied. It is incumbent on the defendant, however, to assert an as-applied challenge, either in his waiver of a jury trial or in response to the prosecution's refusal to consent to the waiver. Absent such assertion it is not necessary or appropriate that the trial judge embark on a due process analysis.

8. The district court initially found that section 16–10–101 conflicted with article II, section 16 of the Colorado Constitution and with both the Fifth Amendment (right to jury) and the Fourteenth Amendment (due process and equal protection) of the United States Constitution. The district court apparently misidentified the source of the Sixth Amendment right to a jury trial. On motion for reconsideration, the district court declared the statute unconstitutional only under article II, section 16 and article II, section 23 of the Colorado Constitution.

9. The respondents in this original proceeding argue only that section 16–10–101 violates article II, sections 16 and 23 of the Colorado Constitution. In the closing footnote in the respondent's brief, the respondent requested that, "[s]hould this Court reverse the trial court and declare that the prosecutorial consent requirement is constitutional, the defendant specifically reserves the right to argue to the trial court that, based on the circumstances of this case, his constitutional right to an impartial trial requires a bench trial."