**The PEOPLE of the State of Colorado, Petitioner,**

v.

**DISTRICT COURT IN AND FOR THE FIRST JUDICIAL DISTRICT, JEFFERSON COUNTY, Colorado, and the Honorable William P. DeMoulin, One of the Judges Thereof, Respondents.**

No. 92SA179.

Supreme Court of Colorado, En Banc.

Oct. 13, 1992.

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for petitioner.

Lozow, Lozow and Elliott, Charles W. Elliott, Denver, for defendant Thomas Perez.

Justice VOLLACK delivered the Opinion of the Court.

At the request of the People of the State of Colorado (the People), this court issued a rule to show cause why this court should not issue a Writ of Mandamus requiring respondent district court to empanel a jury in *People v. Perez*, No. 91CR1975. The People contend that the district court grossly abused its discretion in acknowledging the defendant's, Thomas Perez (Perez), waiver of trial by jury. Pursuant to our holding in *People v. District Court*, 843 P.2d 6 (Colo.1992), we make the rule absolute.

## I.

Perez was charged with driving under the influence, § 42–4–1202, 17 C.R.S. (1984), and vehicular homicide, § 18–3–106, 8B C.R.S. (1986), among other things. On April 16, 1992, Perez submitted a written waiver of his right to trial by jury to the district court. The court subsequently heard argument regarding waiver and ruled that

the court nevertheless retains inherent powers to look at not only the docket problems, but the constitutional rights of the respective parties.... And, while the court recognizes the People's refusal of a jury trial, the court nevertheless places not only docket considerations, but the inherent powers of the court over the apparent discrepancies in the statutes; therefore, the waiver of a jury trial will be acknowledged.

The People seek relief from this ruling.

## II.

In *People v. District Court*, we held that "[i]t is incumbent upon a defendant, in seeking waiver, to raise due process concerns in the trial court. The trial court must subsequently determine whether a jury trial would be fair and impartial in accord with the accused's right to due process of law." 843 P.2d at 11. We thus make the rule absolute.

ERICKSON, J., specially concurs, and LOHR, J., joins in the special concurrence.

Justice ERICKSON specially concurring:

For the reasons set forth in my special concurrence in *People v. District Court*, 843 P.2d 6 (Colo.1992) (Erickson, J., specially concurring), I agree that the rule should be made absolute.

LOHR, J., joins in this special concurrence.