STATE of Utah, Plaintiff and Respondent,

v.

Clyde Lloyd STUDHAM, Defendant and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

Lloyd STUDHAM, Defendant and Appellant.

Nos. 17688, 17717.

Supreme Court of Utah.

Sept. 17, 1982.

---

Jo Carol Nesset-Sale, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

1. In violation of U.C.A., 1953, 76–10–503.

2. In violation of U.C.A., 1953, 76–5–103.

3. *State v. McCumber,* Utah, 622 P.2d 353 (1980).

**PER CURIAM:**

Defendant was convicted by a jury of possession of a dangerous weapon by a restricted person[1] and aggravated assault.[2] On appeal, defendant contends that the trial court abused its discretion by denying his motion for separate trials and later, by denying his request to waive a jury trial as to the first count in the information (possession) but not the second (assault).

On July 18, 1980, at about 2:00 a.m., defendant emerged from a "7-Eleven" store where he had used loud and abusive language in an apparently unsuccessful attempt to purchase beer. Once outside the store, defendant had an altercation with a person using a public telephone. Defendant was then seen firing a handgun at a departing automobile. Police officers in the vicinity heard the shots, responded immediately, saw defendant throw the weapon under a car, chased and arrested him, and then retrieved the gun. Defendant was identified as a parolee from the Utah State Prison. The facts were uncontroverted, and the identification positive.

Moments before the trial, defendant moved to sever the counts since the jury might be prejudiced by the necessary evidence of prior convictions. The prosecution pointed out that the motion was untimely under U.C.A., 1953, 77–35–9. It is conceded that even though there is a statutory time limit for asserting such right in writing, the statute cannot be used to defeat a person's constitutional right if the basic essentials of due process clearly are lacking.[3] Even where a constitutional privilege has been waived, if it is shown that a person did so involuntarily or in ignorance of his rights, the constitutional protections may nonetheless be asserted.[4]

Neither of the foregoing principles apply in the instant case. *State v. McCumber,* supra, was decided at a time when the

4. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

statute provided "if the defendant does not move to quash the information or indictment before or at the time he pleads thereto he shall be taken to have waived all objections which are grounds for a motion to quash." The multiplicity of charges and criminal episodes that may have been confusing to a jury, in *McCumber,* and the restriction on time to assert one's right to a separate trial that existed at the time, are non-existent in the instant case. The charges in *Johnson v. Zerbst,* supra, based on numerous offenses arising out of four or more criminal episodes, are not similar to those in this case. There has been no substantial showing here that defendant and his counsel were unaware of or acted involuntarily in not complying with the waiver provisions of the Code. The motion to sever was therefore ineffective.

The basis for defendant's claim of prejudice in the denial of separate trials is that the jury in the aggravated assault trial would know defendant was a parolee and hence a felon, which would prejudice him. The status of "parolee" was implicit in the weapon possession charge and a necessary element for commission of the offense.

The defendant's contentions are undercut by the principles enunciated in *Corbett v. Bordenkircher,* 615 F.2d 722 (6th Cir.1980), and the cases therein collated. There it was said that "a trial court will be overruled for failure to grant a severance for trial under Rule 14 [whose counterpart is U.C.A., 1953, 77–35–9] *only if there has been an abuse of discretion.*" (Emphasis added.) The Court referred to language from *United States v. Jamar,* 561 F.2d 1103 (4th Cir.1977), and others to the same effect. In addressing itself to the claimed constitutional right of severance, *Corbett* reflects the consensus of authority that such right is not absolute, with or without its waiver. In referring to *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1966), the Court upheld a refusal to sever counts and said:

> Under Texas law, a person prosecuted for the offense of being an habitual offender could be tried concurrently before the same jury on the habitual offender charge and also the pending criminal charge which, together with other crimes of which he had been convicted in the past, would make him such an offender. This meant that evidence of the conviction of prior crimes is presented to the jury that is also trying the pending charge. The Court held that such a procedure does not deny due process to a defendant so tried.

In the instant case, Kentucky was entitled, under the *Spencer* doctrine, to try Corbett as it did as an habitual offender and concurrently try him for the burglary charge (of which he was convicted) and to prove to the jury the two prior felony convictions.

\*　　\*　　\*　　\*　　\*　　\*

Accordingly, we conclude that, even if the joinder of counts for trial could be so egregiously prejudicial as to constitute a denial of due process, this is not such a case.

The defendant's claim that his rights to an impartial trial and due process were invaded, when his requested waiver of trial by jury was denied, is without merit. Although an accused is guaranteed a right of trial by jury, neither the state nor the federal constitution guarantees him a right to "waive" a jury trial.[5] On the contrary, Federal Rule 23(a), Criminal Procedure, and its counterpart, U.C.A., 1953, 77–35–17, both allow such waiver only by the court's approval and the consent of the prosecution.

The record reflects no circumstance that so clearly demonstrates an invasion of due process or waiver of rights such as to constitute an abuse of discretion on the part of the trial court.

Affirmed.

---

**5.** *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).