The PEOPLE of the State of
Colorado, Petitioner,

v.

The DISTRICT COURT, CITY AND
COUNTY OF DENVER; and one of the
Judges thereof, Honorable Morris Ben
Hoffman, Respondents.

No. 97SA337.

Supreme Court of Colorado,
En Banc.

Jan. 20, 1998.

A. William Ritter, Jr., District Attorney, Second Judicial District, Henry R. Reeve, Deputy District Attorney, Denver, for Petitioner.

David F. Vela, Colorado State Public Defender, Richard L. Davis, Deputy State Public Defender, Denver, for Defendant Edward Finley.

Justice MULLARKEY delivered the Opinion of the Court.

The People filed this original proceeding pursuant to C.A.R. 21 seeking a writ in the nature of mandamus and prohibition compelling the respondent, the Denver District Court, (the respondent court), to proceed with a jury trial in *People v. Edward Finley*, No. 97CR202. We issued a rule to show cause why the respondent court's August 19, 1997 order requiring a bench trial should not be vacated. We now hold that the respon-dent court erred as a matter of law when it ordered a bench trial over the People's objection. Accordingly, we make the rule absolute.

I.

The charges at issue in this case stemmed from a car chase involving Denver police officers and a vehicle in which Finley was traveling as a passenger. According to the prosecution, the police officers, who observed Finley stretching his hands across the roof of the vehicle, believed Finley was attempting to shoot at a nearby car traveling in the same direction. After the police finally stopped the vehicle, Finley attempted to walk away. The police apprehended him and subsequently found a fully loaded 12–gauge shotgun with a short barrel under the passenger's seat.

On November 7, 1996, the People charged Finley with possession of a weapon by a prior offender pursuant to section 18–12–108, 6 C.R.S. (1997) (the POWPO statute), by information filed in the respondent court.[1] The information alleged that Finley had two prior convictions: a 1992 felony menacing conviction, *see* § 18–3–206, 6 C.R.S. (1997), and a 1993 POWPO conviction. Because Finley had two prior convictions, the People also included an habitual offender charge in the information. *See* § 16–13–101, 6 C.R.S. (1997). Finley entered a plea of not guilty to the charges in the information.

1. The People charged Finley with violating subsections (1), (2)(c), and 5(f)(4) of section 18–12–108, 6 C.R.S. (1997). These subsections provide:

   (1) A person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm as described in section 18–1–901(3)(h) or any other weapon that is subject to the provisions of this article subsequent to the person's conviction for a felony, or subsequent to the person's conviction for attempt or conspiracy to commit a felony, under Colorado or any other state's law or under federal law.

   . . . ,

   (2)(c) A person commits a class 5 felony if the person violates subsection (1) of this section and the person's previous conviction was for burglary, arson, or any felony involving the use of force or the use of a deadly weapon and the violation of subsection (1) of this section occurs as follows:

   (I) From the date of conviction to ten years after the date of conviction, if the person was not incarcerated; or

   (II) From the date of conviction to ten years after the date of release from confinement, if such person was incarcerated or, if subject to supervision imposed as a result of conviction, ten years after the date of release from supervision.

   . . .

   (5) A second or subsequent offense under paragraphs (b) and (c) of subsection (2) and paragraphs (b) and (c) of subsection (4) of this section is a class 4 felony.

   § 18–12–108, 6 C.R.S. (1997).

Prior to trial, Finley moved to waive his right to a jury trial pursuant to section 18–1–406(2), 6 C.R.S. (1997), and to proceed with a bench trial. Finley argued that if the trial proceeded in front of the jury, the jury would hear evidence of his prior felony menacing conviction and his prior POWPO conviction, as those convictions related to the prior felony conviction element in the POWPO charge. Because the 1992 felony menacing conviction was similar to the POWPO charge here and the 1993 POWPO conviction was identical, Finley asserted that the evidence of those prior convictions would unduly prejudice him in the eyes of the jury when it considered the current charges and, consequently, might subject him to an unfair proceeding.

In opposing Finley's motion for a bench trial, the People attempted to exercise their right to refuse a defendant's request to waive a jury trial pursuant to section 16–10–101, 6 C.R.S. (1997). The People argued that Finley's due process argument would arise in any similar situation where the underlying prior felony to the POWPO charge was a prior POWPO conviction or violent offense.

The respondent court, relying on our decision in *People v. District Court*, 843 P.2d 6 (Colo.1992), ruled in the defendant's favor. Agreeing with Finley that requiring him to proceed in front of a jury would violate his due process rights, the respondent court granted Finley's request for a bench trial.

## II.

◼ Our resolution of this case requires us to interpret section 16–10–101, 6 C.R.S. (1997),[2] which gives the People the right to refuse to consent to a jury trial waiver in all cases in which a defendant has the right to request a jury trial. In *People v. District*

*Court*, 843 P.2d at 7–12, we construed section 16–10–101 and section 18–1–406(2), 6 C.R.S. (1997),[3] which grants a defendant the right to waive a jury trial. In harmonizing sections 16–10–101 and 18–1–406(2), we explained that the People may refuse to consent to the defendant's request to waive a jury trial, so long as that refusal comports with a defendant's due process rights as provided in the United States and Colorado Constitutions. *See People v. District Court*, 843 P.2d at 11. We stated:

> [W]e cannot uphold the unqualified prosecution consent requirement where an accused may be subjected to an unfair proceeding before a biased jury. In such cases, the accused's right to a fair trial as guaranteed by due process would be violated.... Thus, where the prosecution objects to defendant's waiver of trial by jury, and a defendant contends that trial by jury would result in a due process violation, the decision as to waiver then rests with the trial court. It is incumbent upon a defendant, in seeking waiver, to raise due process concerns in the trial court. The trial court must subsequently determine *whether a jury trial would be fair and impartial in accord with the accused's right to due process of law.*

Id. (emphasis added) (citations and footnotes omitted).

## A.

◼ In seeking relief pursuant to C.A.R. 21, the People assert that the trial court exceeded its jurisdiction. We have exercised our original jurisdiction under C.A.R. 21 to determine whether a trial court exceeded its jurisdiction or abused its discretion when we have found that an appellate remedy would

---

**2.** Section 16–10–101, 6 C.R.S. (1997), which has remained unchanged since we last construed it in *People v. District Court*, 843 P.2d at 8–12, provides:

> The right of a person who is accused of an offense other than a noncriminal traffic infraction or offense, or other than a municipal charter or ordinance violation as provided in section 16–10–109(1), to have a trial by jury is inviolate and a matter of substantive due process of law as distinguished from one of "practice and procedure". The people shall also have the right to refuse to consent to a waiver

of a trial by jury in all cases in which the accused has the right to request a trial by jury.

**3.** Section 18–1–406(2), 6 C.R.S. (1997), which has remained unchanged since we last construed it in *People v. District Court*, 843 P.2d at 7–12, provides:

> Except as to class 1 felonies, the person accused of a felony or misdemeanor may waive a trial by jury by express written instrument filed of record or by announcement in open court appearing of record.

be inadequate. *See Kourlis v. District Court,* 930 P.2d 1329, 1330 n. 1 (Colo.1997). We have also explained that original jurisdiction under C.A.R. 21 is appropriate "when appeal would not provide a plain, speedy, and adequate remedy." *People v. Young,* 814 P.2d 834, 838 (Colo.1991). A trial court exceeds its jurisdiction when it acts contrary to statute, even though the trial court retains general jurisdiction over a case. *See Bustamante v. District Court,* 138 Colo. 97, 107, 329 P.2d 1013, 1018 (1958) ("[A] writ of prohibition is proper, not only in cases where the lower tribunal has no legal authority to act at all, but also in cases wherein such inferior tribunal, although having general jurisdiction over a particular class of cases, has exceeded such jurisdiction in the particular case. Therefore, prohibition may issue to prevent a court from ... proceeding against the express prohibition of a statute ...") (omission in original) (citation omitted), *overruled in part on different grounds, County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1978). *See also People v. Fullerton,* 186 Colo. 97, 99–101, 525 P.2d 1166, 1167–68 (1974) (holding that the trial court exceeded its jurisdiction when it ordered a bifurcated jury trial in a POWPO case based on the defendant's assertion that informing the jury of the defendant's prior criminal record would unduly influence the jury).

██ Our exercise of original jurisdiction under C.A.R. 21 is appropriate in this case. First, a successful post-trial appeal by the People would be inadequate because principles of double jeopardy would preclude retrying Finley before a jury. *See Barela v. People,* 826 P.2d 1249, 1253 (Colo.1992) (explaining that jeopardy attaches in a trial to the court when the first witness is sworn). *See also People v. District Court,* 793 P.2d 163, 166 (Colo.1990) (exercising jurisdiction under C.A.R. 21 and explaining that "the defendant could not be retried even though the prosecution appealed the sanction order as a question of law because jeopardy would

have attached"). Second, we conclude that the respondent court erred as a matter of law when it interpreted section 16–10–101 and *People v. District Court* to require a bench trial, over the People's objection, because the respondent court determined that a jury trial would violate Finley's due process rights to an impartial jury.[4] While the respondent court certainly maintains its general jurisdiction over the case, the respondent court exceeded its jurisdiction by ordering a bench trial as a result of its erroneous interpretation of law.

### B.

As an initial matter, we do not view Finley's due process argument here as one that is limited to the specific facts of this case. The defendant presented no evidence of prejudice other than the elements of the charges as pled. We see no difference between the argument made here and an argument raised by any other defendant facing the same charges who was previously convicted of a POWPO or a violent felony. This conclusion is underscored by the respondent court's final ruling in the pre-trial proceeding where it stated:

> The Court: I think that the harm is marginalized a bit if we're talking about a stipulation that just said—or an instruction that just said Mr. Finley had been convicted of two prior felonies that qualify as felony convictions under this statute, without saying they are menacing and possession of a weapon. But I don't think that solves the problem. *The problem is that the jury is given—given information from which they might conclude that Mr. Finley is a bad person because he suffered two felony convictions.*

(Emphasis added.) Thus, a proper view of the inquiry here is whether, in a POWPO trial, due process is violated as a consequence of admitting evidence of a prior POWPO or other violent offense conviction in

---

4. A constitutional standard is a question of law subject to de novo review on appeal. *See Evans v. Romer,* 854 P.2d 1270, 1275 (Colo.1993). As we explain *infra,* we view the respondent court's ruling as one that interprets due process standards to preclude a jury trial because the jury will learn of a defendant's prior POWPO conviction or other violent felony conviction in the course of a POWPO trial. Because this interpretation of due process is purely a matter of law, we apply a de novo standard of review.

and of itself. We therefore proceed in our analysis by considering, as a general proposition, whether a defendant charged with a POWPO and who has a prior felony conviction for violating the POWPO statute or for some other violent offense can be tried in front of a jury without offending due process.

### C.

We begin by noting our prior decisions considering the nature of a defendant's right to waive a jury trial. After reviewing the history of a defendant's right to waive a jury trial, we explained in *People v. Davis*, 794 P.2d 159, 211 (Colo.1990), that the right "is not a right guaranteed by the state constitution, but rather must be characterized as a common law right subject to regulation or abrogation by the legislature." In *People v. District Court*, we similarly explained that, while in some contexts, we have recognized the common law right to waive a jury trial and in other contexts we have recognized a statutory right, the Colorado Constitution does not afford defendants a right to waive a jury trial. *See People v. District Court*, 843 P.2d at 8. Hence, the People's refusal to consent to a defendant's request to waive a jury trial does not, in itself, implicate constitutional concerns.

Federal and state cases considering the nature of a defendant's right to waive a jury trial also have found no constitutional basis for that right. In *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), the Supreme Court explained:

> A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting

attorney and trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

*Singer*, 380 U.S. at 36, 85 S.Ct. at 790. *See also United States v. Clapps*, 732 F.2d 1148, 1151–52 (3d Cir.1984) (explaining that there is no constitutional impediment to Federal Rule of Criminal Procedure 23, which requires consent of both the prosecution and trial court to waive a jury trial); *United States v. Sun Myung Moon*, 718 F.2d 1210, 1217 (2d Cir.1983) (stating, "Nothing in the Constitution guarantees one the right to select his own tribunal or the right to a speedy and public trial by a fair and impartial judge.").

The Utah Supreme Court made a similar determination in *State v. Studham*, 655 P.2d 669, 671 (Utah 1982), a case closely resembling the one we consider here, when it upheld a Utah law requiring both the prosecution's and trial court's consent to waive a jury trial.[5] In *Studham*, a jury convicted the defendant, a parolee from the Utah State Prison, of possession of a dangerous weapon by a restricted person and aggravated assault. *See Studham*, 655 P.2d at 670. The defendant argued that his rights to an impartial jury and due process were violated when the trial court denied his request to waive the jury trial. *See id.* at 671. The Utah Supreme Court disagreed, explaining that neither the state nor the federal constitutions guaranteed to him a right to waive a jury trial. *See id.*

### D.

Given that a defendant has no constitutional right to waive a jury, the next question is

---

5. Colorado's statutory scheme is distinct from most states in that the General Assembly enacted one statute granting the defendant the right to waive a jury trial, *see* § 18–1–406(2), 6 C.R.S. (1997), and another statute granting the prosecution the right to refuse consent to a jury trial, *see* § 16–10–101, 6 C.R.S. (1997). *See* Debra T. Landis, Annotation, *Right of Accused, in State Criminal Trial, to Insist, over Prosecutor's or Court's Objection, on Trial by Court Without Jury*, 37 A.L.R.4th 304, 310–42 (1985) (categorizing various states' jury trial waiver provisions according to statutory schemes). Although Utah's jury trial

waiver statute differs from Colorado's statute in that it expressly limits waiver to instances in which the prosecution and trial court consent, *see Studham*, 655 P.2d at 669, the *Studham* court's analysis is directly applicable here. According to *People v. District Court*, the prosecution may refuse to proceed with a bench trial, so long as that refusal does not offend due process. *See People v. District Court*, 843 P.2d at 11. Hence, the only difference between the Utah rule and the Colorado rule is that in Utah, the trial court must also consent to a jury trial waiver.

whether due process is violated by a jury trial in a POWPO case because one of the elements of a POWPO offense is a prior felony conviction and that prior conviction may be, as in this case, for a POWPO violation or other violent offense.

In *Spencer v. Texas*, 385 U.S. 554, 563–68, 87 S.Ct. 648, 653–56, 17 L.Ed.2d 606 (1967), the United States Supreme Court found no due process violation in a case very much like the one we consider here. Although *Spencer* involved the then-existing Texas recidivist statutes, the Texas procedure closely resembled the jury trial process under the Colorado POWPO statute. At the time of *Spencer*, and as is true under the Colorado POWPO statute, a Texas prosecutor was allowed to inform the jury trying pending criminal charges of a defendant's prior felony convictions. *See Spencer*, 385 U.S. at 556–58, 87 S.Ct. at 649–51. Specifically, the prosecution, through allegations in the indictment and the introduction of proof, fully informed the jury trying the pending criminal charge of a defendant's past felony conviction or convictions, including identical or similar convictions. *See id.* at 556, 87 S.Ct. at 649–50. If a jury found that the defendant was guilty of the underlying substantive offense and that the defendant had the requisite prior felony conviction or convictions, the jury acting as the sentencer was required to impose certain higher levels of punishment. *See id.* at 556 n. 1, 566 n. 11, 87 S.Ct. at 649 n. 1, 655 n. 11.

The petitioners in *Spencer* argued that the Due Process Clause of the Fourteenth Amendment required the exclusion of prejudicial evidence of the prior convictions, even though the trial court provided a limiting instruction and the state had a valid purpose in seeking to prevent criminals from repeating offenses. *See id.* at 563, 87 S.Ct. at 653. Rejecting the notion that fundamental fairness required a two-stage jury trial when the state seeks to invoke an habitual offense statute, *see id.* at 564–65, 87 S.Ct. at 654, the Court explained:

> In the face of the legitimate state purpose and the long-standing and widespread use that attend the procedure under attack here, we find it impossible to say that

because of the possibility of some collateral prejudice the Texas procedure is rendered unconstitutional under the Due Process Clause as it has been interpreted and applied in our past cases.

*Id.* at 564, 87 S.Ct. at 654. *See also Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6, 103 S.Ct. 843, 853 n. 6, 74 L.Ed.2d 646 (1983) (reaffirming *Spencer* and explaining that "the Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules").

Our prior case law is consistent with *Spencer*. In *Fullerton*, we overturned a trial court ruling which ordered a bifurcated jury trial of the two elements of the POWPO offense, possession of a weapon and a prior felony record. *See Fullerton*, 186 Colo. at 99–101, 525 P.2d at 1167–68. As Finley argues here, the defendant in *Fullerton* argued that informing the jury of the defendant's prior felony record would unduly influence the jury's consideration of whether the defendant possessed a weapon on the occasion alleged in the information. *See id.* at 99, 525 P.2d at 1167. We rejected the propensity argument in *Fullerton* and emphasized that "[t]he proper way for the trial court to prevent the possibility that the evidence offered to establish one element of the crime will influence jury findings as to the other elements is to give careful and thorough jury instructions." *Id.* at 101, 525 P.2d at 1168.

Following the reasoning of *Spencer*, we cannot find that in enacting the POWPO statute, the General Assembly created an offense that automatically requires removal of a case from a jury whenever the elemental prior felony conviction is a prior POWPO or other violent offense. As stated in *Spencer*, the possibility of collateral prejudice is not enough to render the jury trial unconstitutional. *See Spencer*, 385 U.S. at 562, 87 S.Ct. at 653 (rejecting the argument that "the United States Constitution is infringed simply because the type of evidence [of a defendant's prior felonies] may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects"). Just as the legislature has a legitimate interest in preventing persons convicted of crimes from committing additional crimes through the enactment of

habitual offender statutes such as the one at issue in *Spencer*, so too does it have a legitimate interest in preventing convicted felons from possessing weapons. *See People v. Gallegos*, 193 Colo. 108, 110, 563 P.2d 937, 939 (1977) (explaining that the purpose of section 18–12–108 is to "limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities" (quoting *People v. Trujillo*, 178 Colo. 147, 150, 497 P.2d 1, 2–3 (1972))).

■ Accordingly, we hold that, in a trial solely involving a POWPO violation, the fact that the jury will hear evidence of a prior POWPO offense or other prior conviction involving a violent offense does not render the jury trial unconstitutional. In so holding, we continue to recognize the limitation we established in *People v. District Court* that the People may not deny consent to the defendant's motion to waive a jury trial when the defendant's due process rights would be violated by proceeding in front of a jury.[6] *See People v. District Court*, 843 P.2d at 11. In this case, the defendant has not shown that that exception is applicable. He has not alleged, for example, the existence of pretrial publicity which could not be addressed by a change of venue. That the definition of the crime requires proof of the prior felony conviction, even when such proof demonstrates that the defendant previously committed a POWPO or other violent offense, does not, standing alone, require a bench trial.

### E.

■ A defendant facing a single POWPO charge based on an underlying previous

POWPO conviction or other violent felony conviction may pursue other alternatives. The defendant can request a limiting instruction consistent with *Fullerton* informing the jury that it can consider the prior convictions only for the purpose of determining whether the defendant committed the predicate prior felony. *See Fullerton*, 186 Colo. at 101, 525 P.2d at 1168. *See also Spencer*, 385 U.S. at 556, 563–65, 87 S.Ct. at 649–50, 653–54 (refusing to strike down as violative of due process the then existing Texas recidivist trial procedure whereby the prosecution informed the jury trying a pending criminal charge of the defendant's past convictions and the trial court provided a limiting instruction directing the jury not to consider the previous convictions in assessing the defendant's guilt or innocence under the current indictment). *See generally Abney v. United States*, 431 U.S. 651, 665, 97 S.Ct. 2034, 2043, 52 L.Ed.2d 651 (1977) ("We cannot assume that the jury disregarded these clear and unambiguous instructions and returned a guilty verdict without first finding that the Government had proved both crimes charged in the indictment [alleging conspiracy and attempt to violate the Hobbs Act] beyond a reasonable doubt." (citation omitted)); *United States v. Wiles*, 102 F.3d 1043, 1062–63 (10th Cir.1996)("We must presume that the jurors remained loyal to their oaths and conscientiously followed the district court's instructions. This assumption is vital to our system of justice." (citations omitted)); *People v. Sepeda*, 196 Colo. 13, 23, 581 P.2d 723, 730 (1978) (explaining that a jury is presumed to understand and follow cautionary instructions).[7] Alternatively, if

---

**6.** During the motion session for waiving a jury trial, the colloquy with the respondent court appeared to focus on our statement in *People v. District Court* that "we cannot uphold the unqualified prosecution consent requirement where an accused *may* be subjected to an unfair proceeding before a biased jury." *People v. District Court*, 843 P.2d at 11 (emphasis added). However, we subsequently stated in the same paragraph that the trial court must determine "whether a jury trial *would* be fair and impartial in accord with the accused's right to due process of law." *Id.* (emphasis added). The use of the word "may" was intended only to hold open the possibility of a bench trial if the defendant was able to prove that his or her due process rights would be

violated by a jury trial. A defendant's assertion that proceeding in front of a jury raises the possibility of a due process violation (*i.e.*, that a jury trial *may* violate his due process rights) is insufficient to override the prosecution's refusal to consent to a jury trial waiver. Rather, a defendant must demonstrate that the prosecution's refusal to consent to the defendant's motion to waive a jury trial *will* violate the defendant's due process rights.

**7.** We emphasize the distinction between this case, which involves a POWPO charge and an habitual offender charge, from the case in which a defendant is charged with another substantive

the defendant does not want the jury to know the nature of the prior conviction, the defendant can offer to stipulate that he has been convicted of an offense that satisfies the prior felony element without identifying the particular felony conviction. Restricting the defendant to these measures preserves the legislature's legitimate expression of public policy permitting the People to refuse to consent to a jury trial waiver, as expressed in section 16–10–101, 6 C.R.S. (1997), and also clarifies our holding in *People v. District Court* that the People's right to refuse consent is restricted only when a jury trial would violate a defendant's due process rights.

In holding that a due process violation does not occur when a defendant must proceed to a jury trial in a case such as this one, we are cognizant of the United States Supreme Court's recent decision in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). *Old Chief,* however, was not a constitutionally based decision, but rather concerns interpretation of a federal evidentiary rule. *See Old Chief,* 519 U.S. at ———, 117 S.Ct. at 650. Because our concern in this case is with a defendant's due process rights, *Old Chief* does not require a different result from the one we reach here. Moreover, our holding follows the Supreme Court's more relevant discussion of due process in *Spencer* and the Court's rejection of the similar due process argument raised in that case. *See Spencer,* 385 U.S. at 563–68, 87 S.Ct. at 653–56.

### III.

For the foregoing reasons, we now make the rule to show cause absolute. We vacate the order of the respondent court requiring a bench trial and remand with directions to set the matter for trial to a jury.

offense in addition to a POWPO charge. In the latter case, a defendant may request bifurcation of the substantive offense charge and the POWPO charge. *See People v. Peterson,* 656 P.2d 1301, 1305 (Colo.1983). If a defendant requests bifurcation, however, the POWPO charge must still be tried to a jury in accordance with our holding in this case.

SCOTT, J., concurs.

MARTINEZ, J., dissents and BENDER, J., joins in the dissent.

Justice SCOTT concurring:

A review of the record in this interlocutory proceeding indicates that the defendant did not articulate any fact upon which we can uphold the trial court's determination that a trial before a jury might subject the defendant to an unfair proceeding. Therefore, I join the majority's judgment and its opinion. I write separately, however, to make clear my view that, on this record, this case can be decided by answering a single question: whether a defendant is entitled to a bench trial in every case where the charged offense includes as an element a prior conviction for a similar crime. In *People v. District Court,* 843 P.2d 6 (Colo.1992), we did not adopt such a *per se* rule and I would not do so today. Hence, I agree that the trial court erred and that we should make our rule absolute.

### I.

I agree with the dissent that "felony convictions *may* unduly influence a jury's decision on the defendant's guilt," dis. op. at 194 (Martinez, J. dissenting) (emphasis added), and that such a result may occur on "a *myriad* of occasions," *id.* (emphasis added). However, because "a myriad" does not constitute every case, and because the defendant has failed to articulate a fact specific basis as to why he might be denied a fair and impartial jury trial, the question before us is quite different than that which the dissent addresses. The proper inquiry here is not whether the Due Process Clause *may* ever be violated by the admission of evidence of a similar prior crime that constitutes an element of the offense charged, but whether, as a consequence of the admission of such prior conduct, due process is *always* violated.[1] I

1. At the August 19, 1997, hearing, the trial court characterized the issue as a "problem that's *inherent whenever* a defendant is charged with a crime that involves as an element a previous felony conviction, which is this situation.... The issue is, when we're dealing only with possession of a weapon by a previous offender and being a previous offender is an element, how we handle that inherent problem of the jurors know-

think not. In any event, we answered that very question in *People v. District Court,* 843 P.2d 6 (Colo.1992) (Erickson, J., specially concurring), which is controlling. The answer then was unanimous; we rejected a facial attack on the prosecution's statutory right. *See People v. District Court,* 843 P.2d at 11 n. 7, 12.

## II.

### A.

In this interlocutory matter, the trial court based its ruling upon the "risk of a propensity verdict," which it found "unacceptable." The trial court, however, did not rely upon CRE 403 and, as such, our rules of evidence are not before us. Hence, while the dissenting opinion provides an accurate explanation of the considerations that should control the admission of evidence at trial pursuant to CRE 403 and CRE 404(b), those considerations were not the bases of the trial court's ruling, nor, in any event, should they be relied upon as persuasive on this record. Thus, I would not import evidentiary considerations as the *sine quo non* to determine whether or not trial will be had before a jury or to a court, based on due process concerns.

In this case, the trial court was called upon to construe sections 18–1–406(2), 6 C.R.S. (1997) and 18–10–101, 6 C.R.S. (1997), based on defendant's assertions that he could not receive a full and fair trial before a jury. The trial court was not asked to rule upon the admission of evidence yet to be offered at a trial that had not begun. The defendant claimed the offer of evidence to prove certain elements of the crime to which he was charged would deny him a fair trial in accordance with due process. Sharing that concern, the trial court agreed. In light of this record, however, the trial court erred.

When, as here, a defendant has failed to articulate a specific basis for claiming his due process rights have been violated—other than a claim that the admission of evidence of prior similar conduct is on its face unduly prejudicial—it is inappropriate for the trial court to deny the prosecution its right to object to a bench trial. This is especially so

ing that Mr. Finley is a prior felon." (Emphasis

since the trial judge, as gatekeeper, may at trial limit the form and manner of as well as the extent to which evidence of a prior felony conviction is introduced before a jury. *See People v. Spoto,* 795 P.2d 1314, 1321 (Colo. 1990).

### B.

The appropriate time for evidentiary considerations on a record such as this, however, is at trial, and not, as the defendant suggests, prior to trial in order to determine whether the trial will be before a jury or a judge. I do not understand the majority opinion as imposing any new limitation on the power of the trial judge to limit the prosecution's proof regarding defendant's prior convictions. The trial judge, in the exercise of sound discretion, may choose to bar witnesses from testifying as to the facts underlying defendant's previous offenses or even to prevent the prosecution from revealing the names of the prior crimes to the jury. On the other hand, the trial court may choose to allow the prosecution to introduce testimony regarding defendant's past bad acts or to permit the jury to hear the names of the offenses but not their factual background. In any event, the decision as to the mode of proof must be made by the trial court in the first instance, and we would be overstepping our role by intimating any view as to the correct course of action concerning these evidentiary determinations.

### III.

Finally, because I view defendant Edward Finley's motion as a facial challenge previously decided by *People v. District Court,* and not a case in which the defendant presented specific facts and circumstances—other than the elements of charges as pleaded—indicating that undue prejudice would result from a jury trial, it is not necessary to discuss the burden upon a defendant who by pretrial motion attempts to raise due process concerns. As I read the majority opinion and its footnote 7, the majority's reference to the terms "may" and "would" as used in

added.)

*People v. District Court,* is not intended to establish a standard of proof to be applied by trial courts. *See* maj. op. at 190 n. 6. That is, I do not understand the majority to require that a defendant, to succeed, must "prove that his or her due process rights would be violated by a jury trial." *Id.* Rather, I understand the majority to make clear that to be entitled to trump the prosecution's objection to defendant's waiver of a jury trial, a defendant must assert particular facts or circumstances that present a significant propensity to affect juror deliberations. After such a conforming motion by the defendant, not present in this case, the trial court may then engage in a delicate assessment of the inferences a reasonable juror—or an actual juror whose views are revealed through voir dire—would draw from a given set of facts and evidence at trial, in light of surrounding circumstances. Of course, the trial judge, as the gate keeper as to admissible evidence, also has the ability to address concerns raised by the defendant or prosecution by pretrial conference or evidentiary rulings, which can alleviate some due process concerns. *See Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). However, the trial court's ultimate determination as to the trial of the case before or without a jury must be supported by factual findings which can be reviewed on appeal.

## IV.

On this record, there was essentially nothing more before the trial judge than a facial attack upon the relevant statutes. Hence, our precedent in *People v. District Court* controls.

Accordingly, I too would make the rule absolute.

Justice MARTINEZ dissenting:

The majority holds that the respondent trial court erred as a matter of law by accepting the defendant's waiver of his right to a jury trial over the objection of the prosecution. *See* maj. op. at 185. Because I believe

the majority fails to give proper deference to the trial court's ruling in this case, I respectfully dissent.

## I.

The facts of this case, which are subject to some dispute, are set forth here to assist an understanding of the fact-based decision made by the trial court. The undisputed portion of the facts establish that the defendant, Edward Finley, was a passenger in a car driven by Damon Birch. The car was traveling at a high rate of speed and Finley was sitting on the passenger door window seal when the car was stopped by Denver police officers. The dispute arises as to what, if anything, Finley was doing while seated on the window seal. The police officers allege that they stopped the car because they observed Finley holding something in his hands while stretching his arms across the roof of the car. The officers believed that the defendant had a gun and was attempting to shoot at an adjacent car. Finley contends that he had nothing in his hands while seated on the window seal. After stopping the car, the police searched the vehicle and found a shotgun under the passenger seat.

Finley was arrested for carrying a concealed weapon and possession of a dangerous weapon (a short shotgun).[1] After the officers learned that Finley had a prior felony conviction, he was charged with possession of a weapon by a previous offender ("POWPO"). *See* § 18–12–108, 6 C.R.S. (1997). The information alleged that Finley had two prior felony convictions: one for menacing with a deadly weapon and the other for possession of a weapon by a previous offender (the offense charged in this proceeding). Based on these prior convictions, Finley was also charged with two counts of being an habitual offender.

Before trial, Finley invoked his statutory right to waive a jury trial. *See* § 18–1–406(2), 6 C.R.S. (1997). Finley based his motion on his concern that knowledge of his

---

1. The driver was charged with unlawful carrying of a weapon and subsequently entered a guilty plea to that charge.

previous convictions could improperly persuade the jury that he committed the offense at issue in this case and therefore could compromise his due process right to a fair trial. *See* discussion *infra* Part II. The jury would learn about his previous felonies because a prior conviction is an element of the POWPO charge. Thus, relying on the theory that a trial judge is less likely to be influenced by inappropriate considerations, the defendant attempted to waive his right to a jury trial. In response, the prosecution invoked its statutory right to force a jury trial. *See* § 16–10–101, 6 C.R.S. (1997). Whether the trial court was obliged to proceed to jury trial, on these particular facts and in the face of these competing motions, is the subject of this rule to show cause.

## II.

It is well-settled that evidence of a defendant's prior felony convictions may unduly influence a jury's decision on the defendant's guilt. Colorado and federal courts have acknowledged this axiom on a myriad of occasions. The problem with this evidence is that it may lead a jury to a decision based on improper grounds, such as

> generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily).

*Old Chief v. United States,* 519 U.S. 172, ——, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997); *see also Michelson v. United States,* 335 U.S. 469, 475–76, 69 S.Ct. 213, 218–19, 93 L.Ed. 168 (1948); *United States v. Gilliam,* 994 F.2d 97, 100–03 (2d Cir.1993); *United States v. Shomo,* 786 F.2d 981, 985–86 (10th Cir.1986); *United States v. Moccia,* 681 F.2d 61, 63 (1st Cir.1982); *People v. Quintana,* 882 P.2d 1366, 1372–73 (Colo.1994); *People v. Snyder,* 874 P.2d 1076, 1080 (Colo.1994); *People v. Gutierrez,* 622 P.2d 547, 551 (Colo. 1981).

This evidence presents even greater danger when it relates to previous crimes of a nature similar to the charged offense. Thus, prior to the adoption of the Colorado Rules of Evidence ("CRE"), Colorado decisional law followed the exclusionary principle that, subject to narrow exceptions, the inherent prejudice in "other-crimes" evidence renders such evidence inadmissible in a criminal prosecution. *See People v. Garner,* 806 P.2d 366, 372 (Colo.1991); *People v. Honey,* 198 Colo. 64, 67, 596 P.2d 751, 753–54 (1979).[2]

After the adoption of the CRE, this court articulated a four-part test to determine whether evidence of prior acts is admissible. *See People v. Spoto,* 795 P.2d 1314, 1318 (Colo.1990). The test incorporates CRE 401 by first asking whether the evidence tends to prove the existence of a material fact (i.e. whether the evidence is logically relevant). Then, the *Spoto* test turns to CRE 404(b), which prohibits admission of evidence of other crimes "to prove the bad character of a person in order to show that he acted in conformity therewith." A court must determine whether the logical relevance of the evidence is independent of the intermediate bad character inference prohibited by CRE 404(b). *Spoto,* 795 P.2d at 1318. Finally, even if the evidence survives the first three parts of the analysis, *Spoto* directs a court to consider whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Id.; see* CRE 403.

Thus, because of its potential to prejudice the jury unfairly, evidence of similar crimes is not generally admissible in a criminal trial, regardless of its relevance. In the instant case, the danger of this prejudice prompted Finley to waive his right to a jury trial. The facts of Finley's case present an especially high risk that a jury may be influenced by impermissible prejudice because the defendant was convicted of not one, but two felonies, both of which arguably display a tendency to commit the specific offense at issue here.

---

**2.** *See also Stull v. People,* 140 Colo. 278, 284, 344 P.2d 455, 458 (1959) ("evidence of similar acts has inhering in it damning innuendo likely to beget prejudice in the minds of jurors, and ... tends to inject collateral issues into a criminal case which are not unlikely to confuse and lead astray the jury").

The behavior that the prosecution plans to attribute to Finley at trial, wielding a gun at a passing car, is similar to Finley's prior conviction for menacing with a deadly weapon. A jury may conclude that Finley is guilty of the behavior in this case simply because he has been convicted of similar behavior in the past. Moreover, Finley was also convicted of possession of a weapon by a previous offender, the very offense charged in this case. The defendant's concerns that his previous convictions might unduly prejudice him in the eyes of a jury were reasonable.[3]

With this expression of the prejudice attendant to evidence of prior similar crimes, and with reference to our historical treatment of this evidence, I now examine whether the trial court dealt properly with this issue in the case before us.

### III.

A threshold matter in this case is the statutory pronouncement that a defendant may waive his or her right to a jury trial only if the prosecution consents to the waiver. See § 16–10–101, 6 C.R.S. (1997). In *People v. District Court*, 843 P.2d 6 (Colo.1992), we held that the Colorado Constitution does not abide an unqualified prosecution consent requirement. See *District Court*, 843 P.2d at 11; *see generally* Colo. Const. art. II, §§ 23, 25. In cases where "an accused may be subjected to an unfair proceeding before a biased jury," the accused's due process right to a fair trial is violated by denying waiver of a jury trial, even in the face of prosecutorial opposition. *District Court*, 843 P.2d at 11.[4] A defendant seeking such a waiver on due process grounds must "raise due process concerns in the trial court." *Id.* We decided in *District Court* that, " '[T]he trial judge ...', by the nature of our judicial process, is in the best position to assure that a defendant's right to a fair trial ... will be substantially protected.' " *Id.* (quoting *Stapleton v. District Court*, 179 Colo. 187, 193, 499 P.2d 310, 312 (1972)). The majority now removes this decision from the court that we believed was in the better position to assure a fair trial. *See* maj. op. at 187.

Having previously determined that this decision is within the trial court's discretion, the appropriate question in this case is whether the trial court abused its discretion. This standard of review is especially suitable in the context of this original proceeding pursuant to C.A.R. 21. An original proceeding under C.A.R. 21 is not a substitute for an appeal and is limited to an inquiry into whether the trial court exceeded its jurisdiction or abused its discretion. *See People v. District Court, In and For Eagle County*, 898 P.2d 1058, 1060 (Colo.1995); *Hayes v. District Court*, 854 P.2d 1240, 1242 (Colo. 1993); *Halliburton v. County Court*, 672 P.2d 1006, 1008 (Colo.1983). Because the trial court is clearly charged with the initial responsibility to decide whether there is a due process violation, it has the jurisdiction to make the decision, even if the decision is wrong.[5] Our focus should be on whether the

---

3. As the United States Supreme Court has held:

   In dealing with the specific problem raised by [the federal felon with a gun statute] and its prior conviction element, there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant.... Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious....

   *Old Chief*, 519 U.S. at ——, 117 S.Ct. at 652.

4. I agree with the proposition, discussed by the majority, that a defendant does not normally have a constitutional right to waive a jury trial. *See* maj. op. at 189. Our holding in *District Court*, however, establishes that a defendant does have a constitutional right to waive trial by jury

in cases where his or her right to due process may be compromised by a jury trial.

5. The majority holds that the respondent trial court exceeded its jurisdiction in making this due process decision. *See* maj. op. at 187. The majority provides two bases for this conclusion. First, "the respondent court erred as a matter of law." *Id.* Second, although a trial court may have general jurisdiction over a particular class of case, the trial court exceeds its jurisdiction in a particular case where it acts contrary to statute. *See id.* at 186–187; *see also Bustamante v. District Court*, 138 Colo. 97, 105, 329 P.2d 1013, 1017 (1958). Thus, the majority holds that, although the respondent court has jurisdiction over this class of case, it exceeded its jurisdiction by ordering a bench trial on due process grounds because section 16–10–101 forbids a trial court from making this decision where the prosecution

trial court abused its discretion.[6] An abuse of discretion occurs only when a trial court's ruling is manifestly arbitrary or unreasonable. *See Boettcher & Co., Inc. v. Munson,* 854 P.2d 199, 211 (Colo.1993).

## IV.

In a POWPO trial, the prosecution must prove a prior conviction in order to substantiate the offense. In the context of the federal counterpart to Colorado's POWPO statute, a number of courts have held that, where a prior conviction is essential to proving the crime, it is not unfairly prejudicial to introduce evidence of the prior conviction. *See, e.g., United States v. Barker,* 1 F.3d 957 (9th Cir.1993); *United States v. Gilliam,* 994 F.2d 97 (2d Cir.1993). Nonetheless, in this same context, the United States Supreme Court has held that the name and nature of a prior felony conviction are unfairly prejudicial under Rule 403 of the Federal Rules of Evidence, where an admission to the fact of the conviction is available. *See Old Chief,* 519 U.S. at ——, 117 S.Ct. at 655.

The majority acknowledges that the holding of *Old Chief* deals with the unfair prejudice attendant to evidence of prior similar crimes, but declines to address the merits of that case. *See* maj. op. at 191. Instead, the majority concludes that, because *Old Chief* dealt with Federal Rule of Evidence 403

rather than the Due Process Clause, *Old Chief* does not require the majority to reach a different result. *See id.* This conclusion is undeniably correct.

However, the fact that *Old Chief* does not compel this court to reach a certain result does not mean that the reasoning of *Old Chief* is of no value to the resolution of this case. *Old Chief* dealt with admission of prior crimes evidence in the context of a felon with a gun statute. There, as here, the fact of a prior conviction was an element of the offense. There, as here, the defendant raised the concern that a jury might be unduly prejudiced by this evidence. There, as here, the prosecution claimed that, because the prior conviction was an element of the offense, it could never be unduly prejudicial. There, the Court rejected the prosecution's argument. Because the defendant had admitted to the fact of the prior conviction, the Court held that the name and nature of the prior conviction presented no legitimate probative value, and instead merely served to unfairly prejudice the jury against the defendant. *See Old Chief,* 519 U.S. at ——— ——, 117 S.Ct. at 654–56. Thus, *Old Chief* has persuasive value, in this case, in determining whether the prosecution's need to introduce evidence of the name and nature of Finley's convictions should prevail over Finley's at-

objects. *See* § 16–10–101, 6 C.R.S. (1997). If section 16–10–101 were the only relevant law bearing upon this issue, I would agree. However, our decision in *District Court* established that a trial court does have the jurisdiction to make this due process decision, despite the provisions of section 16–10–101. Consequently, the majority's holding is founded on the inaccurate premise that, whenever a trial court errs as a matter of law in making a particular decision, the court loses its otherwise valid jurisdiction to make this decision.

**6.** The majority cites *Evans v. Romer,* 854 P.2d 1270 (Colo.1993), as authority for treating this decision by the trial court as strictly one of law. *See* maj. op. at 187, n. 4. *Evans,* however, is inapposite here because that court's decision to treat the constitutional issue before it as strictly one of law was based on the fact that the issue concerned only legal, as opposed to factual, questions. *See Evans,* 854 P.2d at 1274–75. As authority for this decision, *Evans* relied on *Lafferty*

*v. Cook,* 949 F.2d 1546, 1550 (10th Cir.1991), which held that the determination of whether a court applied a correct legal standard is a question of law. Neither *Evans* nor *Lafferty* held that a trial court's factual findings relevant to a legal determination should be reviewed de novo, even where the applicable legal standard is constitutionally-based. Thus, the respondent trial court's factual finding that a jury will be unduly prejudiced by the facts of this case, see discussion *infra* Part IV, should be accorded the great deference ordinarily extended to findings of fact. *See District Court,* 843 P.2d at 11; *People v. Rodriguez,* 914 P.2d 230, 260 (Colo.1996) (responsibility of assuring that jurors are fair and impartial is vested in trial judge and judge's decision is disturbed only upon showing of abuse of discretion). The majority concedes that, where a trial court finds that a jury will be unduly prejudiced, a trial by that jury offends due process. *See* maj. op. at 190 (stating that trial by jury offends due process where defendant shows pre-trial publicity renders fair trial impossible).

tempts to avoid an unfair trial before a biased jury.[7]

The trial court below was presented with these competing concerns to consider in light of Finley's constitutional right to a fair trial. The trial court discussed the due process concerns with the prosecution and the defendant at length. Some detail of these discussions is useful to give context to the trial court's rulings and to understand the judge's narrow focus on this particular case. The trial court heard arguments about the prejudicial nature of the defendant's prior convictions, and tried to ascertain whether the prosecution intended to present evidence of both felonies at trial. Although the POWPO statute requires the prosecution to prove the fact of only one prior felony conviction, the prosecution preserved its right to present the name and nature of both prior convictions. The trial court also investigated bifurcating the elements of the charge, so that the jury would not hear evidence of the prior felonies unless and until it decided that the defendant actually possessed a weapon, and concluded that our caselaw precludes this option. *See People v. Fullerton*, 186 Colo. 97, 525 P.2d 1166 (1974).

The trial court also considered employing a limiting jury instruction to address the danger of an unfair trial. Both the U.S. Supreme Court and this court have frequently acknowledged that, while limiting jury instructions are often adequate to deal with potentially prejudicial evidence:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.

*Bruton v. United States*, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968); *see Vigil v. People*, 731 P.2d 713, 717 (Colo. 1987) (noting that limiting jury instructions inadequate where " 'such evidence is so prej-

udicial that the jury will unlikely be able to erase it from their minds' " (citations omitted)); *People v. Madson*, 638 P.2d 18, 30 (Colo.1981) ("We cannot ignore the practical and human limitations of the jury system . . . For the jurors in this case to [separate the probative component of the evidence from its unduly prejudicial component] is a feat beyond their 'ability and almost certainly beyond their willingness.' " (citations omitted)); *People v. Lee*, 630 P.2d 583, 591 (Colo.1981) ("[T]he trial court's cautionary instruction to the jury is not sufficient under these circumstances to offset the inflammatory nature of this testimony and its likely effect on the jury's deliberations."); *see also People v. Goldsberry*, 181 Colo. 406, 410, 509 P.2d 801, 803 (1973); *Edmisten v. People*, 176 Colo. 262, 276, 490 P.2d 58, 65 (1971); *People v. Gillispie*, 767 P.2d 778, 780 (Colo.App.1988).

Furthermore, if limiting jury instructions were always a sufficient method to handle prejudicial evidence, CRE 403 and CRE 404(b) would be unnecessary. CRE 403 gives a trial court the authority to exclude evidence from the jury's consideration where the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The trial court would have no occasion to exclude such evidence if jury instructions were always adequate to cure the danger of unfair prejudice. Similarly, the trial court would have no reason to exclude evidence of prior crimes under CRE 404(b) if the court could simply and adequately instruct the jury to disregard such evidence as it pertains to bad character and propensity to act in conformity therewith. Clearly, "curative" jury instructions are not always so adequate. Finley's desire to avoid a jury trial reflected his fear, supported by caselaw and the CRE, that limiting jury instructions might not adequately address the danger of an unfair trial in his case. Because it shared Finley's misgivings about the sufficiency of limiting jury instructions in this

---

**7.** Indeed, the determination of whether a jury trial is fundamentally unfair, in violation of due process, turns in part on the impartiality of the jury. We should be concerned when the jury hears evidence the probative value of which is substantially outweighed by the danger of unfair prejudice. Such evidence could bias a jury. "Where an accused may be subjected to an un-

fair proceeding before a biased jury," the accused's right to due process is violated. *District Court*, 843 P.2d at 11; *see also Pacific Mutual Life Insur. Co. v. Haslip*, 499 U.S. 1, 41, 111 S.Ct. 1032, 1055, 113 L.Ed.2d 1 (1991) (Kennedy, J., concurring in judgment) ("A verdict returned by a biased or prejudiced jury no doubt violates due process").

case, the trial court determined that such instructions were not an appropriate option.

In reaching its initial ruling, the trial court was cognizant of the following: (1) the prejudice generally associated with prior similar acts evidence and Colorado's longstanding restrictive policy concerning the admissibility of such evidence, (2) the enhanced prejudice associated with the specific prior felonies in this case, (3) the fact that the prosecution might present evidence of both felonies (thereby increasing the likelihood of unfair prejudice) and (4) the fact that the prosecution would be allowed to present all evidence concerning Finley's prior convictions at a bifurcated proceeding related to the habitual counts. The trial court then ruled, "[F]or all of these reasons, I find that Mr. Finley's right to due process in this proceeding may be compromised if this case proceeded by jury trial."

The prosecution then moved the trial court to reconsider. In support of this motion, the prosecution presented various "less drastic" alternatives to a bench trial. The prosecution also emphasized that, regardless of whether the trial court accepted any of the proffered alternatives, the prosecution intended to appeal the court's initial ruling. The prosecution presented various stipulations which called for the defendant to stipulate to the fact of the prior convictions and to the precise names of the felonies. The prosecution also proposed that Finley stipulate to the fact and name of one of the prior felonies and allow the prosecution to present evidence of the other felony to the jury. Because such detailed stipulations did little or nothing to lessen the prejudicial effect of hearing about the prior convictions, the trial court did not believe that these proposals adequately addressed the due process concerns.[8] Finley did not flatly reject these detailed stipulations. Finley indicated his distaste for these detailed proposals, but he agreed that they

may be his "third choice of how to try this [case]."

The trial court then asked the prosecution if it was willing to accept the defendant's admission to only the fact of a prior felony conviction. *See generally Old Chief,* 519 U.S. at ——, 117 S.Ct. at 655 (finding that "there is no cognizable difference between the evidentiary significance of an admission and of the legitimate probative component of the official record [of conviction]"). The prosecution initially rejected this stipulation despite the fact that, as noted, only the *fact* of a prior conviction is required to prove a POWPO charge.[9] Finally, after noting that this option was not its first choice and preserving its right to appeal the trial court's initial ruling, the prosecution agreed to accept the defendant's stipulation to the fact of the felonies only.

At this point in the motion to reconsider, the trial court indicated that it was inclined to rely on its initial ruling. In light of the determination of the prosecution to postpone trial and pursue this original proceeding regardless of which stipulations were made (as evidenced by the prosecution's expressed intent to appeal the trial court's initial ruling), the trial court was not persuaded that the motion to reconsider had served this case productively. Clearly sensing this, the defendant asked the court to deny the motion to reconsider and indicated that he was not willing to accept the stipulation to the fact of the felonies, "if the jury would become aware of that."

Consequently, after methodically evaluating the alternatives to a bench trial, the trial court denied the prosecution's motion to reconsider. The court took care to emphasize that its ruling turned on the peculiar facts of this case, and did not decide that every de-

---

8. The prosecution's reluctance to stipulate to anything less than the full names of the felonies implies that the prosecution itself believed that the names of the felonies provide more than simply an element of the POWPO offense. Evidently, the prosecution believed that this information might prejudice the jury in ways that the mere fact of the felonies might not.

9. Furthermore, the prosecution indicated that it may offer more than the official record of conviction at trial, but may also present witnesses to discuss the nature of the prior convictions.

fendant in a POWPO case has an unconditional right to waive a trial by jury.[10]

This careful and exhaustive process is precisely what we asked of a trial court in *District Court*. There is support in the record and in the caselaw for the trial court's decision, regardless of whether our decision would be different. Under the circumstances of this case, the trial court's ruling was not manifestly arbitrary or unreasonable. Therefore, the court did not abuse its discretion by allowing the defendant to waive his right to jury trial over the prosecution's objection.

## V.

I feel compelled to briefly address the majority's expressed view that the due process issue resolved by the trial court is broader than the specific facts of this case. *See* maj. op. at 187–188. The majority asserts that it "see[s] no difference between the argument made here and an argument raised by any other defendant who was previously convicted of a POWPO or a violent felony." *Id.* There is no need to engage in such speculation. The salient issue presented by this case is whether the decision to accept waiver of a jury trial is within the discretion of the trial court. In other words, do we really mean what we said in *District Court?* If so, then the trial court's ruling should stand whenever it enjoys support in

the record and is not manifestly unreasonable. In this, as in countless other instances involving application of law to facts, we should leave to trial courts the business of sorting out the differences, if any, between this case and factual situations presented by future cases.[11]

In effect, the majority holds that a defendant's due process right is never violated by refusing to grant a waiver of a jury trial where the prosecution objects, even in cases where a reasonable mind may find that the probative value of the evidence to be admitted at trial is substantially outweighed by the danger of unfair prejudice. *See Old Chief,* 519 U.S. at ——, 117 S.Ct. at 655. The majority creates uncertainty as to whether trial courts have the jurisdiction to decide such claims and what standard will be used to review any decision a trial court makes. In contrast, *District Court* left this decision within the sound discretion of the trial court.

## VI.

To summarize, we have previously decided that the trial court is in the best position to balance a defendant's right to due process of law with the prosecution's statutory right to force a jury trial. In the instant case, there is substantial support for the trial court's ruling. Therefore, the trial court acted within its discretion by allowing the defendant to

---

**10.** In its initial ruling, the court stated:

> I do think it's important that I look at the nature of the two prior felony convictions. They are menacing and possession of a weapon, which is the very charge Mr. Finley's charged with here. I think that increases the due process problem in this case, increases the chance that the jury would use this information, even though it's an element of this offense, for propensity; and I don't know any sensible way to get around that.
> ... So the only thing we're left with to solve this problem is a limiting instruction. And I find, under the circumstances of this particular case, that the limiting instruction of the kind that I articulated with [the prosecutor] in my colloquy with him would be insufficient—or may be insufficient to overcome this—this inherent problem with jurors punishing Mr. Finley, not for what he's charged with in this case, but for what he's done in past cases. So for all of those reasons, I find that Mr. Finley's right to due process in this proceeding may be com-

promised if this case proceeded by jury trial and, therefore, Mr. Finley's motion for a bench trial is granted, over the People's objection and over the People's insistence under 16–10–101 that we proceed by jury.

**11.** Similarly, I do not believe the holding of *Spencer v. Texas* requires a contrary conclusion. 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). The majority cites this case in support of the proposition that the federal Due Process Clause does not forbid a jury from ever hearing evidence of a defendant's prior conviction while considering a new charge against the defendant. *See* maj. op. at 188–190. However, the trial court did not decide that admission of such evidence is *per se* unconstitutional. Rather, it determined that Finley's two prior convictions involved behavior so similar to Finley's alleged conduct in the substantive offense as to create a due process violation in this case. *Spencer's* holding is consistent with my view that trial courts may investigate whether this evidence does violate due process in certain cases.

waive his right to a jury trial. Because I believe the majority substitutes its discretion for that of the trial court, in conflict with standard abuse of discretion analysis, I respectfully dissent.

BENDER, J., joins in this dissent.

